2005 VT 59

**232511 INVESTMENTS, LTD. d/b/a
Stowe Highlands v. TOWN OF
STOWE DEVELOPMENT REVIEW
BOARD**

[878 A.2d 282]

No. 04-482

¶ 1. May 9, 2005. This is a public records act case in which plaintiff sought the disclosure of a letter sent to the Town of Stowe Development Review Board (DRB) from its attorney, allegedly giving the DRB legal advice that formed the basis of the DRB's denial of plaintiff's development project. The DRB denied disclosure on the ground that the letter was exempt pursuant to 1 V.S.A. § 317(c)(4), which exempts records that are otherwise protected from disclosure by any common law privilege such as the attorney-client privilege. The trial court, without viewing the letter in camera, agreed that a letter setting forth legal advice to the DRB was exempt under subsection (c)(4), and upheld the DRB's nondisclosure decision. Plaintiff appealed. We reverse and remand for the reason that no evidence submitted in support of summary judgment showed that the letter was, in fact, legal advice — a contention that plaintiff disputes. And with no review by the trial court, the court's decision on summary judgment lacked a basis in undisputed material fact. V.R.C.P. 56(c)(3) (summary judgment appropriate only when there is no genuine issue as to any material fact).

¶ 2. The undisputed facts submitted in support of summary judgment showed that the DRB apparently asked its legal counsel for an opinion letter on plaintiff's development project, to be issued after reviewing various memoranda submitted by plaintiff and parties in opposition to the development. The DRB chair received a letter from the attorneys and distributed it to the other members of the DRB at a public hearing. Plaintiff's project was then denied. Plaintiff requested a copy of the letter, which the DRB voted to keep private, asserting the attorney-client privilege. Plaintiff sued and the matter came before the court on cross-motions for summary judgment.

¶ 3. The critical fact, whether the letter was actually legal advice, was disputed. In support of its cross-motion for summary judgment, the DRB's list of undisputed facts included the assumption that the letter was legal advice. Plaintiff did not admit this fact and the DRB did not fill the gap by submitting an affidavit of anyone with personal knowledge of the letter's contents. The problem might have been cured if the trial court had viewed the letter in camera, which the DRB was apparently willing to allow. Instead, the trial court issued a decision on summary judgment relying on the assumption that the letter was legal advice because the DRB's request that prompted the letter was for legal advice. We reverse and remand so that the trial court may view the evidence in camera and decide whether any part or all of the letter is legal advice within the meaning of the exemption.

¶ 4. Plaintiff raises a second issue on appeal, that the trial court erred in concluding that the DRB did not violate 1 V.S.A. § 313(a)(6) by considering a document they contended was confidential and not subject to disclosure in the course of a meeting that was otherwise a public meeting. Because the DRB did not go into executive session, plaintiff claims any documents they considered at the public hearing should be disclosed, and

the DRB's actions violated the Open Meeting Law, 1 V.S.A. § 312. Plaintiff urges us to read these statutes in pari materia with the Public Records Act to conclude that the DRB violated the Open Meeting Law. This argument is without merit.

¶ 5. Nothing in the Open Meeting Law precludes the DRB, in a public meeting, from considering documents to which an exemption may ultimately attach. Section 313(a)(6) of the Open Meeting Law gives the DRB a right to go into executive session to have a discussion about a confidential document. That does not mean that the DRB's failure to go into executive session automatically renders anything in the files of the members or distributed at the public meeting for consideration by the members subject to disclosure. Moreover, 1 V.S.A. § 312, pertaining to the right to attend meetings of public agencies, does not set forth any such right, even if we read all of these statutes in pari materia. Plaintiff's case citations from other jurisdictions do not support its argument on the construction of these statutes.

*Reversed and remanded.*

Motion for reargument denied June 7, 2005.