## State of Vermont
### Superior Court—Environmental Division

=======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re Stowe Highlands Lot Merger & Subdivision Application,**        Docket No. 189-11-10 Vtec
   (On-The-Record appeal from Town of Stowe DRB lot merger and subdivision determinations)

Title:  Objection to the record on appeal and motion to compel production (Filing No. 1)

Filed: April 29, 2011

Filed By: Harold B. Stevens, Attorney for Appellant/Applicant 232511 Investments, Ltd.

Amendment to Objection to the Record, filed on May 31, 2011, by Harold B. Stevens, Attorney
   for Appellant/Applicant 232511 Investments, Ltd.

Response in Opposition filed on 6/20/11 by Amanda Lafferty, Attorney for the Town of Stowe

Stipulation and Order on procedures for in camera review of requested documents, filed on
   July 25, 2011.


___ Granted                          _X_ Denied                          ___ Other


   Appellant/Applicant 232511 Investments, Ltd. ("Applicant") brought this on-the-record appeal to this Court, after the Town of Stowe Development Review Board ("the DRB") denied its most recent application[1] to amend its municipal land use permit for an existing residential and resort development in the Town of Stowe ("the Town").

   After the Town submitted to this Court what it represented to be the complete record for the DRB proceedings, Applicant filed its objection to that record, complaining that the Town had neglected to include correspondence that the Town's attorney had provided to the DRB in connection with the pending application.  The Town acknowledged that its attorney had provided such documents to the DRB, as its client, but claimed that the communication was confidential, due to the attorney/client privilege exemption recognized by 1 V.S.A. § 317(c)(4), which exempts from disclosure governmental documents protected by statutory and common law privileges.

   When Applicant challenged this assertion, the parties ultimately stipulated to an in camera review by the Court of the correspondence between the DRB and its attorney.  As a consequence of this stipulation, which was incorporated into a Court Order on July 25, 2011, the

---

[1] Applicant has been the developer of the resort complex known as Stowe Highlands, which has been the subject of numerous proceedings before this Court and the Vermont Supreme Court.  The most recent proceedings, prior to this current appeal, are summarized in 232511 Invs., LTD., d/b/a Stowe Highlands v. Town of Stowe Dev. Review Bd.  2005 VT 59, 178 Vt. 590 (mem.); see also In re Appeal of 232511 Invs., Ltd., d/b/a Stowe Highlands, 2006 VT 27, 179 Vt. 409; In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, 186 Vt. 568 (mem.).

Town agreed to withdraw its then-pending motion for sanctions against Applicant and its attorney. The Town thereafter submitted, under seal, copies of two correspondences it received from its attorneys, the first dated October 29, 2010 and the second dated February 11, 2011.

The Court has completed its in camera review of the challenged correspondences and returned them to a sealed envelope. Both correspondences contain several pages and provide a detailed review of the legal doctrines that arise in these prolonged permit proceedings. The record before us reveals that the DRB may have made references to the correspondences, but there is no evidence in the record that these attorney/client communications were ever disclosed by the DRB during the proceedings below. Thus, the record of the proceedings before the DRB reveals that neither the DRB nor the Town disseminated the confidential documents to the public or otherwise waived the confidential nature of these communications.

Our Supreme Court has previously ruled that a development review board is entitled to receive and rely upon legal opinions in connection with the board's consideration of a pending permit application. See 232511 Invs., LTD., d/b/a Stowe Highlands v. Town of Stowe Dev. Review Bd., 2005 VT 59, ¶ 5, 178 Vt. 591 (mem.) (concluding that nothing in the Vermont Open Meeting Law "precludes the DRB, in a public meeting, from considering documents to which an exemption [such as attorney client/privilege] may ultimately attach"). In that opinion, the Vermont Supreme Court ultimately denied a similar request for disclosure by the same applicant as here, 232511 Investments, Ltd., in a DRB proceeding concerning a prior permit amendment application for the same pre-existing development as is at issue here. Thus, we regard its analysis of the general legal doctrine as particularly relevant to the legal issues now before this Court.

Applicant suggests that a different result should be reached here, since the prior litigation involved a different set of legal correspondences and raised a legal question under the Vermont Open Meeting Law (1 V.S.A. § 313). Applicant argues that its pending request in this municipal permit appeal is governed by the Vermont Rules of Civil Procedure (V.R.C.P.) which control proceedings before this Court, except where modified by the specific procedural rules of our court. See V.R.E.C.P. 5(a)(2).

Turning to our procedural rules, they limit disclosure and discovery to "any matter, not privileged." V.R.C.P. 26(b)(1). Rule 26 has been interpreted as protecting against the disclosure of confidential communication between an attorney and her client that is prepared in preparation for trial and regarded as attorney work product, especially when the confidential communication reveals "mental impressions, conclusions, opinions, or legal theories of an attorney or other [agent] of a party." In re PCB File No. 92.27, 167 Vt. 379, 382 (1998) (quoting V.R.C.P. 26(b)(3)).

The correspondences we have reviewed in camera consist of the very mental impressions, conclusions, opinions, and legal theories that Rule 26 seeks to protect. Thus, even assuming Applicant's assertions are correct—that we should analyze the correspondences under our procedural rules rather than the protections for governmental documents found in 1 V.S.A. § 317(c)(4)—such an analysis does not lead us to a different result. We have conducted our own independent review of the correspondences challenged in these proceedings and have determined that they constitute privileged attorney/client communications that are attorney work products protected under our civil procedural rules. Further, the record before us shows no indication that the Town or the DRB waived this privilege.

The correspondences Applicant wishes to have included in the record in this appeal are confidential communications that are entitled to protection from disclosure in the course of discovery. For this reason, we conclude that Applicant's motion must be **DENIED**. Also for this reason, the Court has returned the challenged correspondences to a sealed envelope and will bar their disclosure until further order of this Court.


_____          _____September 9, 2011_____ _
      Thomas S. Durkin, Judge                                    Date
========================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

  Harold B. Stevens, Attorney for Appellant 232511 Investments, Ltd.

  Amanda Lafferty and Joseph S. McLean, Attorneys for the Town of Stowe

  Interested Person Leighton C. Detora Esq.