## State of Vermont
## Superior Court—Environmental Division

============================================================

# E N T R Y   R E G A R D I N G   M O T I O N

============================================================

**In re RACDC Retention Pond**                              **Docket No. 62-5-12 Vtec**
**(On the Record Appeal from Town of Randolph Development Review Board decision)**

Title: Motion to Dismiss (Filing No. 2)

Filed: June 18, 2012

Filed By: Appellee Randolph Area Community Development Corp.

Response in opposition filed on 6/22/12 by Appellant William Kevan Jr.

Reply filed on 7/9/12 by Appellee Randolph Area Community Development Corp.


___ Granted                    ___ Denied                    _X_ Other

On December 15, 2011, William Kevan (Appellant) sent the Town of Randolph Zoning Administrator (the ZA) a letter requesting that the Town of Randolph (the Town) bring an enforcement action against Randolph Area Community Development Corporation (RACDC) for failing to include a stormwater retention pond in its Salisbury Square Planned Residential Development (the Development) in Randolph, Vermont. Having determined that RACDC's previously obtained permit did not require a retention pond, the ZA found no violation and therefore took no action. Appellant appealed the ZA's decision to the Town of Randolph Development Review Board (DRB) but did not attend the hearing at which the DRB considered the appeal. In an April 17, 2012 decision, the DRB denied the appeal, concluding that Appellant had neither demonstrated that he is an interested person with appellant rights nor identified the relief he requested under applicable regulatory provisions. Having dismissed on jurisdictional grounds, the DRB did not reach the merits of Appellant's claim. Appellant then appealed the DRB's decision to this Court.

Currently pending before this Court is RACDC's motion to dismiss the appeal. RACDC challenges Appellant's status as an interested person and Appellant's claim as a whole as one for which relief cannot be granted. Before discussing RACDC's arguments for dismissal, we must clarify the scope of the appeal before us. It has come to our attention, in reviewing the parties' filings, that a number of Questions in Appellant's revised Statement of Questions are beyond the scope of this appeal, and, thus, beyond our jurisdiction.

As we indicated in our July 31, 2012 Entry Order, this is an on-the-record appeal. That means that we review the record to see what evidence the municipal panel had available when it made its decision, and we must uphold the panel's factual findings if we see substantial evidence supporting them. See In re Stowe Highlands Resort PUD and PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568 (mem.). In examining whether there is substantial evidence in the record, we are not permitted to make our own assessment of the credibility of witness testimony or reweigh conflicting evidence in the record. See Devers-Scott v. Office of Prof'l Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248; In re Appeal of Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004) (unpublished mem.). We are simply to inquire whether the record includes relevant evidence that a "reasonable person

could accept . . . as adequate" support.  Devers-Scott, 2007 VT 4, ¶ 6 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)).  As for legal conclusions based on those factual findings, we conduct a de novo review, meaning that we consider whether the panel's decision reached a correct legal conclusion. See In re Stowe Highlands Resort PUD and PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568 (mem.).  These standards of review mean that in an on-the-record appeal we *cannot review legal questions that the municipal panel did not address below.*

In the April 17, 2012 decision on appeal, the DRB dismissed Appellant's appeal for lack of jurisdiction; it did not address the merits of Appellant's claims regarding the retention pond. Thus, in considering Appellee's motion to dismiss, we cannot address the retention pond dispute itself; we can only address those of Appellant's Revised Statement of Questions that go to the narrower issue of whether Appellant demonstrated to the DRB that he had standing to appeal the ZA's decision not to bring an enforcement action against RACDC.  Of the eighteen Questions in Appellant's revised Statement of Questions, six (numbered 1, 2, 2a, 2b,  3, and 10) concern the legal issue of whether the Town should bring an enforcement action against RACDC.  Thus, we **DISMISS** Questions 1, 2, 2a, 2b,  3, and 10 from Appellant's revised Statement of Questions as outside the scope of this appeal and, thus, our jurisdiction.

The remaining questions (numbered 4, 4a, 5, 6, 7, 8, 9, 9a, 9b, 9c, 9d, and 10a) raise procedural questions regarding the record on appeal before us now and the validity of the proceeding below.  As to these questions only, we now turn to RACDC's arguments for dismissing this appeal.  In its motion to dismiss, RACDC asserts three main arguments: (1) the Environmental Division lacks subject matter jurisdiction to hear Appellant's appeal because Appellant does not meet the statutory requirements for interested person status to have standing to bring an appeal; (2) Appellant has failed to state a claim upon which the Court can grant relief because Appellant has no basis to request enforcement; and (3) RACDC has constructed the Development in full compliance with permits that Appellant has not appealed, making Appellant's current request for enforcement untimely and his procedural challenges moot.

Whether Appellant has Standing to Bring this Appeal

RACDC's first argument contests Appellant's standing to appeal the DRB's decision to this Court.  Whether a party has standing affects whether we have subject-matter jurisdiction.  Bischoff v. Bletz, 2008 VT 15, ¶ 15, 183 Vt. 235.  Thus, we review this portion of RACDC's motion under the standard of review afforded by Rule 12(b)(1) of the Vermont Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction.  We accept as true all uncontroverted factual allegations and construe them in a light most favorable to the nonmoving party (here, Appellants).  Rheaume v. Pallito, 2011 VT 72, ¶ 2 (mem.).

Specifically, RACDC argues that Appellant has not demonstrated that he falls within the definition of an "interested person" in 24 V.S.A. § 4655(b)(3), a category of individuals granted the right to appeal decisions of municipal panels, provided they participated in the proceeding below. See 10 V.S.A. § 8504(b); 24 V.S.A. § 4471(a).  Section 8504(b)(2) of Title 10 of the Vermont Statutes Annotated, however, grants a person the right to appeal a decision of a municipal panel, notwithstanding the requirements listed in 24 V.S.A. § 4465(b)(3), if we determine that:

> (A) there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding;

> (B) the decision being appealed is the grant or denial of interested person status; or

(C) some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed.

Reading 10 V.S.A. § 8504(b)(2) to require Appellant to show the Court that he is an "interested person" as defined in 24 V.S.A. § 4465(b)(3) in the case now before us would require the Court to address the merits of Appellant's appeal in our initial determination of whether we have jurisdiction to hear the appeal. This cannot have been the intent of the legislature in drafting 10 V.S.A. § 8504(b)(2). Rather, this Court has jurisdiction over claims notwithstanding the "interested person" requirements in the three circumstances that the legislature defined.

Here, Appellant has standing to bring his case before this court under 10 V.S.A. § 8504(b)(2)(B). The decision being appealed denies Appellant interested person status and Appellant, at least in his initial notice of appeal, claims to be an interested person. The basic principle of standing to contest denial of standing, however, is distinct from an evaluation of whether the pleadings (here, his Revised Statement of Questions) make a case sufficiently plausible to survive a motion to dismiss. Thus, while we conclude that appellant does have standing to appeal the DRB's April 17, 2012 decision to this court, that is a distinct issue, unrelated to whether Appellant has raised a cognizable claim that can withstand a motion to dismiss for failure to state a claim upon which relief can be granted. We now turn to RACDC's remaining arguments and evaluate whether the remaining questions (numbered 4, 4a, 5, 6, 7, 8, 9, 9a, 9b, 9c, 9d, and 10a) state a cognizable claim.

## Whether Appellant has Raised Cognizable Issues

The remainder of RACDC's arguments fall within Rule 12(b)(6) of the Vermont Rules of Civil Procedure, which provides for dismissal of a matter for "failure of the pleading to state a claim upon which relief can be granted" by the Court. In ruling on a Rule 12(b)(6) motion, a court must assume the factual allegations in the plaintiff's pleading are true and can only grant dismissal if "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citing Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309). Within the context of this appeal from the DRB's decision, we view Appellant's notice of appeal and Statement of Questions as the "pleadings" and Appellant as the "plaintiff." In re Conlon CU Permit, No. 2-1-12 Vtec., slip op. at 1, (Vt. Envtl. Ct. Aug. 30, 2012) (Durkin, J.). Dismissal is not appropriate if the argument for dismissal relies on information outside the text of the pleadings. See V.R.C.P. 12(b) (stating that motions to dismiss that require the court to consider matters outside the pleadings must be converted to motions for summary judgment, not dismissed under Rule 12(b)(6)).

The first of RACDC's remaining arguments asserts that Appellant states no basis for enforcement against RACDC. This argument goes to the substantive issues raised in the Questions we have already determined must be dismissed—Questions 1, 2, 2a, 2b, and 3. As discussed above, we do not have jurisdiction to consider these issues in this on-the-record appeal.

RACDC also argues that the appeal should be dismissed because RACDC has constructed the Development in full compliance with permits that Appellant has not appealed, making Appellant's current request for enforcement untimely and his procedural challenges moot. We agree with RACDC that, generally speaking, municipal permits that are not appealed become final following the expiration of the appeals period in accordance with 24 V.S.A. § 4472. However, on the face of Appellant's pleadings and examining only the Questions we may address (that is,

questions 4–9d, and 10a only), the matter before us does not appear to be an untimely appeal of a municipal permit or permits held by RACDC. Rather, it is an appeal of the DRB's determination that it lacked jurisdiction to make a decision regarding Appellant's request that the DRB require the ZA to bring an enforcement action against RACDC. In the context of this motion to dismiss, whether Appellant would have succeeded in challenging the DRB permits is irrelevant. The DRB never considered the substance of Appellant's appeal. Therefore, we may only consider whether the DRB properly determined that it lacked jurisdiction.

Questions 4 and 4a appear to challenge the sufficiency of the record that the DRB submitted to this Court for this appeal. Appellant alleges that the DRB submitted audio recording of two 2012 hearings, but no audio recordings of two 2009 hearings, which Appellant refers to as "the very evidentiary recordings required for any trier of fact determination of issue [sic]." (Appellant's Revised Statement of Questions 4, filed June 18, 2012.) It is unclear how the recordings from the 2009 hearings go to the issue of whether the DRB properly dismissed Appellant's appeal, but construing all statements in favor of the non-moving party as we must in a motion to dismiss, we **DENY** Appellee's motion to dismiss Questions 4 and 4a. Colby, 2008 VT 20, ¶ 5.

At no time does Appellant's statement of questions or response to RACDC's motion to dismiss explicitly address the denial of interested person status. Instead, Appellant alleges specific procedural errors that could have led to an improper denial of party status: Questions 5 and 6 allege untimely notice, Questions 7–9b allege a failure to recuse, and Questions 7–9b allege a general lack of due process. Question 10a, while difficult to understand, appears to relate to potential physical or environmental impact on Appellant We cannot determine on the pleadings whether procedural defects affected the DRB's April 17, 2012 determination that it lacked jurisdiction. Therefore, based on the pleadings and liberally construing them in the light most favorable to the non-moving pro se party, we conclude that RACDC has not demonstrated that "there exist no facts or circumstances that would entitle [Appellant] to relief." Colby, 2008 VT 20, ¶ 5.

Conclusion

For the reasons stated above, we **DISMISS** Questions 1, 2, 2a, 2b, and 3, and 10 from Appellant Kevan's Revised Statement of Questions as outside the scope of this appeal and our jurisdiction. We conclude, however, that RACDC has not demonstrated that Appellant's appeal should be dismissed entirely and accordingly **DENY** its motion to dismiss the remaining questions.

The Court reminds the parties that the only remaining Questions in this appeal either concern the conclusion reached by the DRB denying Appellant interested person status, or raise procedural questions about the validity of the proceeding below. The Court directs the parties to submit briefs addressing Questions 4, 4a, 5, 6, 7, 8, 9, 9a, 9b, 9c, 9d, and 10a. We direct Appellant to submit his brief by **October 29, 2012**. Appellee and any other parties to this on-the-record appeal shall file briefs by **November 21, 2012**. Appellant may file a brief in reply by December 3, 2012. All parties must follow the Vermont Rules of Appellate Procedure, including but not limited to, Rules 28, 28.1, 31, and 32 as applicable to this Environmental Division proceeding.

| | September 27, 2012 |
|---|---|
| Thomas G. Walsh, Judge | Date |

========================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:

    Brian S. Dunkiel and Elizabeth H. Catlin, Attorneys for Appellee Randolph Area Comm. Dev. Corp.

    Appellant William J. Kevan Jr., pro se

    Interested Person James Sault, pro se

    Interested Person Letitia H. Rydjeski, pro se

    Interested Person Gary Champy, pro se

    Interested Person Sam Record, pro se

    Interested Person Mimi Kevan, pro se

    Interested Person Leigh R. Wright, pro se

    Interested Person Town of Randolph, pro se