STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re RACDC Retention Pond | { { { | Docket No. 62-5-12 Vtec |

## Decision in On-the-Record Appeal

In this on-the-record proceeding, William Kevan (Appellant) appeals an April 17, 2012 decision by the Town of Randolph Development Review Board (DRB). This case originated with Appellant's appeal of a decision by the Town of Randolph Zoning Administrator (the ZA) not to initiate an enforcement action against Randolph Area Community Development Corporation (RACDC) for failing to include a stormwater retention pond in RACDC's Salisbury Square Planned Residential Development in Randolph, Vermont (the Development). Appellant appealed the ZA's decision to the DRB, but did not attend the hearing at which the DRB considered the appeal. In its decision, the DRB concluded that Appellant had neither demonstrated that he is an interested person with appellate rights nor identified the relief he requested under applicable regulatory provisions. Accordingly, the DRB dismissed Appellant's claim on jurisdictional grounds and did not reach the merits of Appellant's claim. Appellant subsequently appealed the DRB's decision to this Court.

RACDC is represented by Brian S. Dunkiel, Esq. and Elizabeth H. Catlin, Esq. Appellant appears pro se.

## Background

RACDC is a non-profit organization that concentrates on, among other things, expanding housing options in the greater Randolph area of Vermont. One of RACDC's projects, and the subject of this appeal, is the Salisbury Square Development. The permitting process for the Development began in 2009, when RACDC applied to the DRB for a zoning permit. The DRB held five public hearings on the Development and its proposed permit, designated Z09-17. Appellant participated at several of the hearings. After the DRB approved the permit on September 29, 2009, however, neither Appellant nor any other party appealed the DRB's decision. Thus, once thirty days had elapsed, the ZA issued the permit, and it became final and binding. See V.R.E.C.P. 5(b) (granting a party 30 days to appeal a DRB decision to this

1

Court); 24 V.S.A. § 4472(d) (providing that failure of an interested person to timely appeal a decision of a DRB renders the decision final and binding).

Over the course of 2010, RACDC secured several other permits necessary for the construction of the Development, including an operational stormwater permit from the State Agency of Natural Resources, an Act 250 permit from the District 3 Environmental Commission, and a zoning permit from the DRB for the first phase of construction of the Development. Because neither Appellant nor any other party appealed these permits, they, too, are final and binding.

The root of the pending appeal appears to be Appellant's claim that the Development, as it was initially proposed to the DRB in 2009, included a stormwater retention pond. Appellant contends that an engineer testifying on behalf of RACDC during the DRB's hearings in the summer of 2009 stated on the record that the Development would include such a pond. Appellant also points to the site plan submitted to the DRB in 2009, which included an area marked "Stormwater Treatment via Infiltration/Bioretention." See (Appellee's Supplemental Printed Case at 22, filed Nov. 21, 2012 [hereinafter ASPC].) This area was not a part of the site plan that RACDC later submitted to the DRB as part of its application for a first-phase construction permit in 2010. See ASPC at 53. Because of this discrepancy, and because RACDC has begun construction activities on the Development pursuant to the first-phase construction permit, approved by the DRB in 2010, Appellant alleges that RACDC is in violation of its initial 2009 zoning permit, Z09-17.

On December 15, 2011, Appellant wrote to the ZA to point out the alleged violation of permit Z09-17 for failure to include a storm water retention pond. On January 4, 2012, the ZA replied in writing that storm water systems are not under the review of the DRB and that, in its approval of zoning permit Z09-17, the DRB made no findings and set no conditions relating to a storm water retention pond. Accordingly, the ZA declined to initiate an enforcement action against RACDC for violating permit Z09-17. Appellant filed a notice of appeal of the ZA's January 4 decision with the Chair of the DRB on January 10, 2012. The first hearing of the appeal took place before the DRB on February 28, 2012. Because three members of the DRB recused themselves, the hearing was suspended for lack of a quorum and continued to the DRB's March 27, 2012 meeting. Appellant requested a continuance the day before the March

2

hearing, but he did not attend the hearing. At the March hearing the DRB denied Appellant's motion for a further continuance and dismissed Appellant's appeal.

### Standard of Review

In an on-the-record appeal, our role as a tribunal reviewing the decisions of municipal panels is similar to that of the Vermont Supreme Court when reviewing appeals from administrative bodies. That is, we do not take new evidence or complete our own determination of the facts. Instead, we will uphold the DRB's factual findings if they are supported by substantial evidence in the record. See In re Stowe Highlands Resort PUD to PRD Appl., 2009 VT 76, ¶ 7, 186 Vt. 568 (mem.). In examining whether there is substantial evidence in the record, we are not permitted to make our own assessment of the credibility of witness testimony or reweigh conflicting evidence in the record. See Devers-Scott v. Office of Prof'l Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248; In re Appeal of Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004) (unpublished mem.). We are simply to inquire whether the record includes relevant evidence that a "reasonable person could accept . . . as adequate" support for the rendered findings. Devers-Scott, 2007 VT 4, ¶ 6 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)). We review the DRB's legal conclusions without deference unless such conclusions are within the DRB's area of expertise. See id. at ¶ 9 (citing Ayala-Chavez v. INS, 945 F.2d 288, 294 (9th Cir. 1991).

Additionally, our review on appeal is limited to issues raised by Appellant in his Statement of Questions. See V.R.E.C.P. Rule 5(f) ("The appellant may not raise any question on the appeal not presented in the statement [of questions] as filed . . . ."). We note this rule because Appellant has, in his filings, touched on numerous issues not mentioned in his Statement of Questions. These issues are beyond the scope of our review.

### Discussion

In the case before us, Appellant raises numerous concerns, allegations, and legal arguments. We recognize that Appellant is intent on pursuing his legal rights before this Court. Throughout this proceeding, however, Appellant has failed to understand that the scope of our review in an appeal of a DRB decision is strictly limited, particularly when the DRB is part of a municipality that has adopted on-the-record review.

Our first task in adjudicating an appeal of a DRB's decision is to identify the decision under appeal. We are limited to addressing those issues that the DRB had the authority to

address when considering the application before it. See In re Torres, 154 Vt. 233, 235–36 (1990) (stating that, in considering an application before it, "[t]he reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."). In this case, Appellant originally appealed the ZA's decision not to initiate an enforcement action against RACDC for an alleged violation of the 2009 Zoning Permit Z09-17.[1] Appellant did not appeal the permit itself, or any other permits currently held by RACDC for the Development. Those permits are therefore final, and any questions as to the validity of those permits are not reviewable by the DRB or this Court. See 24 V.S.A. § 4472(d) (stating that failure of an interested person to timely appeal a decision of a municipal panel renders that decision final and binding); City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588-89 (2000) (construing language of § 4472(d) strictly to "to prevent *any* kind of collateral attack on a zoning decision that has not been properly appealed through the mechanisms provided by the municipal planning and development statutes.") When Appellant appealed the ZA's decision to the DRB, the sole justiciable question before the DRB was whether the ZA properly declined to initiate an enforcement action against RACDC for violating Zoning Permit Z09-17.

The DRB never reached that question, however, because before a municipal panel may adjudicate a claim, the person bringing the claim must show that he has standing; that is, he must show that he has a legally protectable stake in the case enabling him to bring the controversy before the panel. As we discuss below, a state statute sets out rules governing standing in the context of land use. Based on Appellant's notice of appeal, Appellant's participation in the February 28, 2012 hearing, and Appellant's failure to attend the continued hearing on March 27, 2012, the DRB concluded that Appellant failed to show that he had standing to appeal the ZA's decision not to initiate an enforcement action against RACDC. The DRB therefore dismissed Appellant's appeal as outside of the DRB's jurisdiction, since a DRB may only review appeals brought by parties who show proper statutory standing. Appellant appealed the DRB's decision to this Court.

For most Vermont municipalities, appeals of municipal land use panel decisions before this Court are *de novo*, meaning that this Court generally conducts a new trial without regard to the decision of the municipal panel under appeal, Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11

---

[1] Issued by the DRB to RACDC on September 29, 2009, Zoning Permit Z09-17 approved, with conditions, a PUD/PRD on the Development site, the subdivision of the Development site, a site plan Development, and conditional use approval for the Development's office space.

4

(1989), and "shall apply the substantive standards that were applicable before the tribunal appealed from." V.R.E.C.P. 5(g). A town may choose to adopt on-the-record review of the decisions of its municipal panels, however, pursuant to 24 V.S.A. § 4471(b). Randolph is one of several Vermont municipalities that have adopted on-the-record review. Accordingly, our review in this case is <u>not</u> *de novo*, but is rather limited to examining the case as Appellant presented it before the DRB.

This case is unusual, in that Appellant presented no evidence to the DRB, and the DRB never reached the merits of Appellant's appeal, i.e., whether the ZA should have initiated an enforcement action against RACDC. Rather, the DRB dismissed Appellant's claim for lack of jurisdiction to hear his case because of Appellant's apparent lack of standing. If we were conducting this appeal *de novo*, we could consider Appellant's standing to appeal this decision anew, and then, if we found he had standing, move on to consider the merits of Appellant's argument, including evidence never introduced to the DRB. Because we are conducting this appeal on-the-record, however, we may only affirm or reverse the DRB's determination on standing based on the showing Appellant made to the DRB as described in the appellate record.

Thus, in the end, the only question we may review in this matter is whether the DRB erred in determining that Appellant did not satisfy his burden of showing standing to bring his appeal before the DRB. If we find that the DRB did err in its determination, or if we find procedural defects that prevented Appellant from satisfying his burden, we must reverse the DRB's decision and remand the matter to the DRB for a full review of Appellant's claim. If we find that the DRB did not err in determining that Appellant failed to satisfy his burden and that there were no procedural defects in the proceeding below rising to reversible error, we must affirm the DRB's decision and dismiss Appellant's appeal. We may not review the merits of Appellant's original appeal, including his allegations that RACDC has constructed its Development in violation of the 2009 zoning permit, Z09-17.

With this procedural and factual background in mind, we consider the justiciable issues raised by Appellant in his appeal.

## I.      Stay of Construction at the Development Site

On December 11, 2012, Appellant filed a motion with this Court to stay the decision of the ZA to issue a building permit for construction of the "first . . . , free standing single detached structure on" the Development site. (Appellants' Supplement to Reply Br. at 1, filed Dec. 11,

2012.) Appellant seeks to halt construction at the Development site through a stay ordered by this Court pursuant to 10 V.S.A. § 8504(f). Id. Appellant is correct in asserting that, pursuant to § 8504(f)(1)(B), when an appellant before this Court was denied interested person status by a DRB, the decision under appeal is automatically stayed. Additionally, under § 8504(f)(2), this Court has the discretion to grant a stay of the decision under appeal after receiving a motion to do so.

However, the decision now under appeal is not the decision to issue the building permit, a permit that Appellant did not appeal. As stated above, permits that are not appealed within the statutory deadline become permanent, and their validity cannot be attacked collaterally through a separate and unrelated action. See City of S. Burlington, 171 Vt. at 588–89.

Rather, in the case now before this Court, the decision under appeal is the ZA's determination not to initiate an enforcement action against RACDC for failing to construct a stormwater retention pond. Although Appellant is correct that where a DRB denies a party interested person status, the underlying decision under appeal is automatically stayed, here the underlying decision is the ZA's decision not to take a particular action. Because the decision appealed from is a decision not to act, staying such a decision would be meaningless.

In sum, we do not have the authority in this case, pursuant to either 10 V.S.A. § 8504(f)(1)(B) or (f)(2), to stay the grant of a permit not under appeal or to stay construction undertaken under such a permit. Accordingly, we **DENY** Appellant's motion for a stay.

## II.     Appellant's Standing

The principal issue before this Court is whether the DRB properly dismissed Appellant's appeal of the ZA's decision not to initiate an enforcement action against RACDC. In its Memorandum of Decision, dated April 17, 2012, the DRB concluded that it did not have jurisdiction to review Appellant's appeal, because Appellant failed to show that he is an interested person pursuant to 24 V.S.A. § 4465(b) and failed to state the basis of his appeal, the applicable regulatory provisions, or the relief requested. Appellant contends that he does have standing to appeal a decision by the ZA pursuant to 24 V.S.A. § 4465(b)(1). Appellant also claims that the DRB dismissed his appeal due to a variety of procedural defects and bias on the part of DRB members.

We first note that our task in reviewing an on-the-record appeal is to simply inquire whether the record contains evidence that a "reasonable person could accept . . . as adequate"

6

support for factual findings made by a DRB. See <u>Devers-Scott</u>, 2007 VT 4, ¶ 6 (quoting <u>Braun v. Bd. of Dental Exam'rs</u>, 167 Vt. 110, 114 (1997)). If the DRB's factual findings are supported by substantial evidence in the record, we then use those findings to come to our own determination of legal issues, giving no deference to the DRB's legal conclusions. In this case, the DRB rendered a legal conclusion that Appellant lacked standing based on an absence of facts that would support standing. Thus, we must make our own determination as to whether Appellant adequately alleged standing to appeal the ZA's decision, but we are confined to base our determination on the record before the DRB.

Under 24 V.S.A. § 4465(a), an "interested person" may appeal an act or decision of a municipal administrative officer, such as a ZA, by filing a notice of appeal with certain municipal officials within 15 days of the decision appealed. A notice of appeal, pursuant to 24 V.S.A. § 4466, must be in writing and "include the name and address of the appellant, a brief description of the property with respect to which the appeal is taken, a reference to the regulatory provisions applicable to that appeal, the relief requested by the appellant, and the alleged grounds why the requested relief is believed proper under the circumstances." In part, this information is required so that the DRB can determine if the party bringing the appeal is an interested person with standing under 24 V.S.A. § 4465(b). A DRB does not have the jurisdiction to hear an appeal brought by a party without standing. See <u>Bischoff v. Bletz</u>, 2008 VT 16, ¶ 15, 183 Vt. 235 (stating that courts do not have subject matter jurisdiction over claims brought by parties without standing).

The notice of appeal that Appellant submitted to the DRB on January 10, 2012 failed to conform to the standards in 24 V.S.A. § 4466. See ASPC at 57. It does not include Appellant's address, a reference to the regulatory provisions applicable to the appeal, or the relief requested by Appellant. <u>Id</u>. Appellant's failure to list his address is particularly problematic, because the only provision of § 4465(b) under which Appellant, as a single individual, could have appealed the ZA's decision in this case was § 4465(b)(3),[2] available to "[a] person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter." In other words, unless Appellant demonstrated that he owned or

---

[2] Although Appellant's notice of appeal did not mention the statutory provisions under which he appealed the ZA's decision, he suggests in his filings that he had standing to do so under 24 V.S.A. § 4465(b)(1). Appellant is mistaken. 24 V.S.A. § 4465(b)(1) is available only to interested persons affected by a particular municipal bylaw. Appellant does not argue that he is affected by a bylaw, but rather that the ZA should have initiated an enforcement action against RACDC.

occupied property in the immediate neighborhood of RACDC's Property, he failed to show standing to appeal the ZA's decision as an individual.[3]

Because Appellant failed to properly allege standing to appeal the ZA's decision in his notice of appeal, his only other opportunities to do so were at the hearings held by the DRB on his appeal, on February 28, 2012 and March 27, 2012. Appellant did not do so at the February meeting, at which he spoke briefly, nor at the March meeting, which Appellant did not attend.

Based solely on these facts, we conclude that Appellant failed to meet his burden of alleging standing to bring his appeal of the ZA's decision to the DRB. Accordingly, we **AFFIRM** the DRB's conclusion below that it lacked jurisdiction to hear Appellant's appeal.

### III. Alleged Procedural Defects

Most of the questions in Appellant's Statement of Questions allege procedural defects that, he argues, should compel this Court to reverse and remand the DRB's decision. First, Appellant claims that the Town failed to provide the full record to this Court on appeal by not including recordings of meetings held by the DRB in the summer of 2009. Second, Appellant alleges that the Town, in the proceeding below, failed to give Appellant proper notice of the March 27, 2012 hearing. Finally, Appellant argues that certain DRB members and the DRB as a whole exhibited prejudice and bias against Appellant.

Regarding the adequacy of the appellate record, we find that the record before this Court was adequate with only the audio recordings of the February 28 and March 27, 2012 DRB hearings. Recordings of prior DRB hearings, including those from the summer of 2009, are beyond the scope of our review in this on-the-record appeal. We also find that Appellant received adequate notice of the March 27, 2012 hearing pursuant to 24 V.S.A. § 4464. When a DRB's hearing spans more than one day, the subsequent hearing days do not require separate or additional notice if the time and place for the continued hearing are announced before adjournment of each hearing day. 1 V.S.A. § 312(c)(4); see also, e.g., In re McEwing Servs., LLC, 2004 VT 53, ¶ 17, 177 Vt. 38 (stating that a municipal panel can "continue [a] hearing and reconvene it at a later date, as long as it announces at adjournment the time and place where the

---

[3] This is also the case if Appellant sought to appeal the ZA's decision as a member of a group of 10 or more voters or real property owners pursuant to 24 V.S.A. § 4465(b)(4). Appellant is not a member of such a group in this case. Although Appellant attempted to join a number of individuals as co-appellants, see List of Additional Appellants, filed on May 16, 2012, the Court, at a June 11, 2012 status conference, determined that those individuals were more appropriately characterized as interested persons, not appellants.

hearing will be reconvened"). In this case, DRB members announced the date, time, and place of the March 27 hearing at the February 28 hearing. The fact that the DRB failed to convene a quorum at the February hearing did not invalidate the hearing, and Appellant cannot claim that he lacked proper notice of the March 27 hearing.

Appellant's allegation that the DRB members were biased or unduly prejudiced can be divided into three claims. First, Appellant argues that the recordings of the February 28 and March 27, 2012 meetings clearly manifest prejudice on the part of the DRB that should compel this Court to reverse the DRB's decision. After reviewing the audio recordings of the meetings, we find no evidence that the DRB as a whole displayed bias or undue prejudice either for RACDC or against Appellant's case.

Appellant also alleges that DRB Member Reed in particular was biased in this case. The DRB lost its quorum at the February 28 hearing when DRB Member Reed recused himself at the request of Appellant. Appellant points to Mr. Reed's recusal at the February hearing and subsequent participation at the March hearing as proof of bias. Under § 306 of the Randolph Development Review Board Rules of Procedure and Ethics, a DRB member must recuse himself if he has a direct personal or pecuniary interest in the outcome of the matter under consideration, or when the DRB member's spouse, family member, employer, or employee has such an interest. Absent such an interest, a DRB member must only be recused for bias upon a "showing that he [or she] is not capable of judging a particular controversy fairly on the basis of its own circumstances." In re JLD Properties of St. Albans, Inc., 2011 VT 87, ¶ 7, 190 Vt. 259 (quoting Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 493 (1976). Appellant has not presented any evidence before this Court of a conflict of interest that should have compelled Mr. Reed to recuse himself, apart from vague allegations of past business collaboration between Mr. Reed and RACDC. Neither does Appellant present evidence that Mr. Reed would otherwise be incapable of judging the case in an impartial manner. Without such evidence, we presume impartiality on the part of DRB members, including Mr. Reed. See id. at ¶ 8. Thus, Mr. Reed's participation in the March 27 hearing did not invalidate the meeting or the DRB's decision at that meeting.

Finally, Appellant claims that a March 8, 2012 letter that RACDC+'s attorney sent to the ZA (SPCA at 65–67) was prejudicial because it (1) unduly influenced DRB members on the issue of recusal, (2) was not received in the mail by Appellant until March 26, 2012—only one day

9

before the March hearing, and (3) should have compelled the DRB to grant Appellant's request for a continuance of the March 27 hearing. Appellant misunderstands the appeals process before a DRB, however. Generally, Applicants are free to add materials to their file in advance of a hearing. If they do so, the Town has no obligation to forward those materials to interested parties. Rather, persons interested in the matters to be considered by the DRB are obligated to review the Town's file to see if anything has been filed in advance of a hearing. Moreover, we find that it was neither unfair nor prejudicial for the DRB to deny Appellant's motion for a continuance of the March 27, 2012 hearing, particularly because Appellant declined to attend the hearing despite having adequate notice.

## Conclusion

For the reasons detailed above, we:

1. **AFFIRM** the DRB's determination that Appellant failed to show standing to appeal the ZA's decision not to initiate an enforcement action against RACDC for an alleged permit violation.
2. Conclude that the DRB Decision is not invalid for alleged procedural defects or bias on the part of DRB members.

Done at Burlington, Vermont this 29th day of January, 2013.

_____
Thomas G. Walsh, Environmental Judge

10