STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

| | | |
|---|---|---|
| In re Schuyler NOV | { | Docket No. 29-2-12 Vtec |
| (Appeal No. 353-11-AP) | { | (OTR appeal from Ludlow DRB) |

## Decision in On-the-Record Appeal

The pending case is an appeal of a January 25, 2012 Decision by the Town and Village of Ludlow Development Review Board (the DRB) upholding the Town Zoning Administrator's October 18, 2011 Notice of Violation (NOV) issued to Richard and Joy Schuyler (the Schuylers). The NOV alleged that the Schuylers had violated the Town of Ludlow Zoning and Flood Hazard Regulations, as amended December 2, 2007 (the Regulations), by engaging in construction on their property without a permit. The Schuylers appealed the Zoning Administrator's decision to the DRB, and the DRB upheld the issuance of the NOV. The former owners of the Schuylers' property, Garrett and Deborah Mikita (the Mikitas), appealed the DRB's decision to this Court, but in a May 30, 2012 Order, we dismissed the Mikitas from the case. We ruled, however, that the Schuylers remained interested persons in the case and retained the ability to be heard on questions raised by the Mikitas in their Statement of Questions. We now consider the merits of this on-the-record appeal.

The Schuylers are represented by Frank H. Olmstead, Esq. The Town of Ludlow is represented by J. Christopher Callahan, Esq.

## Discussion

As we discuss in our recently issued decision, In re Buss Conditional Use Appl., No. 130-10-12 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Apr. 29, 2013) (Durkin, J.), our on-the-record review of a DRB decision begins with the decision itself. The decision of a DRB in an on-the-record town must conform to the Vermont Municipal Administrative Procedure Act (MAPA). See 24 V.S.A. 4471(b). MAPA requires final decisions of appropriate municipal panels to "separately state findings of fact and conclusions of law." Id. § 1209(a). Findings of fact must "explicitly and concisely restate the underlying facts that support the decision" and be "based exclusively on evidence" in the record. Id. § 1209(b). This Court will accept the DRB's findings of fact so long as the findings are supported by evidence in the record that a "reasonable person could accept . . . as adequate" support, see Devers-Scott v. Office of Prof'l Regulation, 2007 VT 4,

1

¶ 6, 181 Vt. 248 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)), and we will not reweigh conflicting evidence. Id. In contrast, this Court generally reviews the DRB's legal conclusions de novo; meaning without deference. See In re Stowe Highlands Resort PUD to PRD Appl., 2009 VT 76, ¶ 7, 186 Vt. 568.

This case concerns modifications that the Schuylers made to their home. The Schuylers claim that their modifications were fully in compliance with a valid zoning permit. The Town contends that the Schuylers' construction exceeded the scope of the permit. Our first task in this on-the-record review is to examine the DRB's findings of fact to ensure that they are adequately supported by evidence in the record. In this case, the DRB found that the Mikitas submitted zoning permit application 10-023 in September 2009, including "a three (3) page description summary of the project," "a Plot Plan," and "Architectural drawings." In re Appeal No. 353-11-AP, Notice of Decision, at 2–3 (Town of Ludlow Dev. Review Bd. Jan. 25, 2012) (citations to the record omitted). The findings of fact also state that zoning permit 10-023 was issued and that the ZA extended permit 10-023 on September 22, 2010 at the request of Richard Schuyler. Finally, the DRB found that the documents issued by the ZA approving permit 10-023 and the Schuylers' permit extension 10-023 #1 describe the approved project as "dormer" and "dormer only," respectively. See In re Appeal No. 353-11-AP, Notice of Decision, at 2–3. To the extent that these are findings of fact, we conclude that they are adequately supported by evidence in the record.

Pursuant to the Regulations, a ZA "shall issue a [zoning] permit only upon finding that the proposed application conforms to [the] Regulations." Regulations § 221. If a ZA denies a permit application, the ZA must "so notify the Applicant, in writing, stating the reasons therefore." Id. We interpret the latter provision to include partial denials of permit applications; to read the provision otherwise would allow a ZA to issue a zoning permit approving only part of a proposed project without clearly identifying which part of the project is approved and which is denied. This would be an irrational result. See, e.g., In re Twin Pines Hous. Trust, No. 95-7-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 26, 2012) (Walsh, J.) ("Because our paramount goal in interpreting an ordinance is to give effect to the intent of the relevant legislative body, we accept the plain meaning of the words unless doing so would make a provision ineffective or create irrational results.") (citing Town of Killington v. State, 172 Vt. 182, 189 (2001)).

In this case, if the ZA had wished to limit her approval of either permit 10-023 or permit extension 10-023 #1, she was free to do so. This would have required her to issue written notification to the Mikitas or the Schuylers that portions of their permit application or request to extend an approved permit were denied. See Regulations § 221. The Regulations also require such written notification to identify the portion of the permit application that had been denied and to outline the reasons for the denial. Regulations § 221. The DRB did not find that the ZA ever issued such a written notification to either the Mikitas or the Schuylers, and we see no evidence of such notifications in the record.

The DRB nevertheless made the legal conclusion that permit extension 10-023 #1 was in some way limited based on the facts that (1) the ZA's approval of the permit extension stated "dormer only" and (2) the Schuylers and the ZA spoke at length about the project prior to the issuance of the permit extension.[1] We first conclude that the phrase "dormer only" did not limit the ZA's extension of permit 10-023, because it does not conform to the requirements for a denial under Regulations § 221 or adequately inform the Schuylers of what they can or cannot build under the extended permit. Similarly, we conclude that oral conversations between the ZA and the Schuylers cannot meet the requirements of a denial under Regulations § 221, and, as Mr. Schuyler pointed out in the DRB hearing below, cannot serve as reliable grounds for later determining the scope of an approved permit.

Based on the DRB's findings of fact, the ZA approved permit 10-023 and permit extension 10-023 #1 without informing the Mikitas or the Schuylers in writing that portions of the proposed project were not approved, in accordance with Regulations § 221. Pursuant to 24 V.S.A. § 4472(d), both permit 10-023 and permit extension 10-023 #1 had become final and binding by the time the ZA issued the Schuylers an NOV on October 18, 2011. Accordingly, we **REVERSE** the DRB's January 25, 2012 Decision and find that zoning permit 10-023 and zoning permit extension 10-023 #1 authorize construction that conforms to <u>all</u> of the documents contained in permit application 10-023, including the architectural renderings. To the extent that Appellants have built according to the express terms and renderings contained within the

---

[1] The DRB found that, before requesting an extension of permit 10-023, the "Schuyler's [sic] were told specifically that due to lake front set backs a significant portion of their proposed construction would require a variance," and that "[t]he Zoning Administrator specifically told them that the expansion of the lake side second floor was not allowed." In re Appeal No. 353-11-AP, Notice of Decision, at 3.

3

approved permit application, they have committed no violation.  This is the case even if the permit authorized construction that otherwise violates the Town's waterfront or lake setback.[2]

### Conclusion

For the reasons detailed above, we **REVERSE** the DRB's January 25, 2012 Decision and **VACATE** the October 19, 2011 Notice of Violation issued against the Schuylers.  This completes the current proceedings before this Court.  A Judgment Order accompanies this Decision.

Done at Burlington, Vermont this 9th day of May, 2013.

_____
Thomas G. Walsh, Environmental Judge

---

[2]  Although not necessary to reach our ultimate conclusion, we additionally note two troubling facts about this case.  First, the DRB's decision contained no findings of fact describing Appellants' alleged permit violations.  Thus, even if we had agreed with the DRB's legal conclusion that the approved permit was somehow limited, we could not have upheld the DRB's finding of a violation.  See, e.g., In re Buss Conditional Use Appl., No. 130-10-12 Vtec, slip op. at 2 ("Without [sufficient] findings of fact, . . . we cannot conduct our necessary on-the-record analysis.")  Second, we note that the Notice of Violation issued to Appellants was seriously deficient, as it did not contain a factual description of the alleged violation sufficient to put Appellants on notice of how to remedy the alleged violation.  See In re Richard Notice of Violation, No. 151-9-10 Vtec., slip op. at 11 (Vt. Super. Ct. Envtl. Div. Apr. 29, 2010) (Wright, J.) (stating that to satisfy due process requirements, a notice of violation must inform the recipients of the factual basis for the violation) (citing Town of Randolph v. Estate of White, 166 Vt. 280, 284–85 (1997)).