2009 VT 76

## In re STOWE HIGHLANDS RESORT PUD TO PRD APPLICATION

[980 A.2d 233]

No. 08-058

¶ 1. July 23, 2009. This is an appeal from an Environmental Court decision affirming, after an on-the-record review, the rejection by the Town of Stowe's Development Review Board (DRB) of appellant Stowe Highland's application to convert its zoning permit for the Stowe Club development from a Resort Planned Unit Development (Resort PUD) to a Planned Residential Development (PRD). The Environmental Court upheld the DRB's decision as supported by substantial evidence. We affirm.[1]

¶ 2. Since our decision in *In re 232511 Investments, Ltd.*, 2006 VT 27, 179 Vt. 409, 898 A.2d 109, Stowe Highlands has twice moved to amend its zoning permit for the Stowe Club from a Resort PUD to a PRD. In *232511 Investments*, we held that Stowe Highlands had to convert its Resort PUD to a PRD if it wanted to replace the proposed hotel that was to be the centerpiece of the development with fourteen lots for single-family homes and open space. *Id.* ¶ 14. We also held that, consistent with the Town of Stowe Zoning Regulations, any such application must include the entire 236-acre parcel that was developed in accordance with the Resort PUD regulations and not just the remaining smaller parcels. *Id.* An issue left unresolved in that litigation was whether Stowe Highlands had sufficient control of the development to apply for the conversion as the "owner" when many lots had been sold and developed with individual residential houses. See *id.* ¶¶ 17-19.

¶ 3. Nevertheless, in May of 2006, Stowe Highlands attempted to apply unilaterally, and without the consent of Stowe Club's residential home owners, to convert its permit from a Resort PUD to a PRD. The DRB denied relief on the ground that while Stowe Highlands could

---

[1] In rendering this decision, we note that we did not rely upon any of the contested portions of appellant's printed case. Appellees' motion to strike said portions is therefore denied as moot.

demonstrate control over the Stowe Club Owners Association, "it does not have the degree of control over the entire parcel necessary to be the sole applicant in this matter." Although the DRB decision was appealed to the Environmental Court, which affirmed, no further appeal was taken.

¶ 4. Instead, Stowe Club filed a new application, again, unilaterally, but purporting to speak for the entire development by virtue of an amendment it created to the Second Amended and Restated Declaration of Covenants, Easements, Conditions and Restrictions for the Stowe Club property known as the Twelfth Supplement. The Twelfth Supplement states, in relevant part:

> [Stowe Highlands] also reserves and grants itself the right on behalf of all of the 236 +/- acre Stowe Club Property Land, lot or unit owners to apply for any and all necessary permits to change and convert the Land from a Resort Planned Unit Development to a Planned Residential Development or as [a] Rural Residential Development with the necessary degree of control over the land.

Stowe Highlands claimed that the amendment demonstrated sufficient control over the entire parcel to satisfy Stowe's zoning regulations. In all other respects, the new application was identical to the old.[2]

¶ 5. The DRB denied the request for a permit on the same grounds — Stowe Highland's insufficient demonstration that it had the authority to exercise full control over the 236-acre development. Stowe Highlands submitted no new evidence other than the Twelfth Supplement

to support its claim. At the same time, several residential owners in the development sent letters to the DRB denying that an agency relationship existed. Although the DRB noted the dispute, it based its decision on the threshold question of whether the Twelfth Supplement satisfied the zoning requirement that the applicant must have the ability to control the entire property. It was concerned that, because Stowe Club is substantially developed, with homes, roads, and utility infrastructure already installed, Stowe Highlands could not effect changes that might be required by the DRB in the conversion from a Resort PUD to a PRD. The DRB concluded that even with the Twelfth Supplement Stowe Highlands did not demonstrate "the authority to make changes to lots and other land in the existing Resort PUD that [Stowe Highlands] does not own and which the [DRB] may require." Therefore, it found the application was not properly before the Board.

¶ 6. Stowe Highlands subsequently appealed to the Environmental Court, which, in an on-the-record review that is not contested, agreed with the DRB that Stowe Highlands had not met its threshold burden of demonstrating the requisite amount of control over the entire project.[3] This appeal followed.

¶ 7. Our standard of review on appeal is the same as the Environmental Court's. Cf. *Devers-Scott v. Office of Prof'l Regulation*, 2007 VT 4, ¶ 4, 181 Vt. 248, 918 A.2d 230 (" 'Where there is an intermediate level of appeal from an administrative body, we review the case under the same standard as applied in the intermediate appeal.' " (quoting *Tarrant v. Dep't of Taxes*, 169 Vt. 189, 195, 733 A.2d 733, 738 (1999)). We will affirm the findings of the

---

[2] We note that the parties dispute the validity of the amendment. Its validity is not, however, material to our decision.

[3] Parties aggrieved by the decision of a DRB may take an appeal to the Environmental Court on the record. See 24 V.S.A. § 4471; V.R.E.C.P. 5(h).

DRB where such findings are supported by substantial evidence, cf. *id.* ¶ 6, but we are authorized to review the DRB's legal conclusions without deference where such conclusions are outside the DRB's area of expertise, cf. *id.* ¶¶ 8-9.

¶ 8. On appeal, Stowe Highlands raises three issues, all centered on essentially the same question — whether there was substantial evidence supporting the DRB's decision. Stowe Highlands asserts that the DRB improperly relied on the residential owners' opinions that Stowe Highlands did not have authority to apply for permit amendments as "substantial evidence," and that, in fact, the Twelfth Supplement itself is akin to written permission from those owners to apply for an amended permit. Stowe Highlands contends that the DRB should have accepted at face value the Twelfth Supplement, which purports to grant it the authority needed to apply for a PRD.

¶ 9. Stowe Highlands misconstrues the basis of the DRB's decision. The question before the DRB was the same as in the earlier proceeding — did Stowe Highlands demonstrate sufficient control over the entire parcel to effect changes to the roads, lot lines, leach fields, and utility infrastructure, which were already installed, built, and owned by numerous parties, that might be required by the development's conversion from a Resort PUD to a PRD. The only evidence submitted to show control was the Twelfth Supplement, claiming agency. In rendering its decision, the DRB concluded that, even if valid, the language of the Twelfth Supplement itself was insufficient to grant Stowe Highlands the necessary "authority to make changes to lots and other land in the existing Resort PUD that it does not own." In other words, the agent's powers under the amendment do not include the right to consent to physical changes in the properties of the landowners. The DRB did not rely on the alleged principals' evidence contesting the agency claimed by Stowe Highlands, or on any so-called legal opinion of the residential lot owners.

¶ 10. We agree with the Environmental Court that the DRB's decision was supported by substantial evidence. To convert Stowe Club from a Resort PUD to a PRD requires subjecting the entire parcel, not just discrete portions, to review by the DRB. *232511 Invs.*, 2006 VT 27, ¶ 14. Therefore, control over the entire parcel was a fundamental, threshold issue, and nothing in the Twelfth Supplement, even if valid, gives Stowe Highlands the requisite level of control over lands that have already been sold and developed. Taken at face value, as Stowe Highlands urges us to do, the provision merely authorizes Stowe Highlands to file an application to change the permit, but it does not satisfy the DRB's proper concern that its review of the conversion application might still be meaningless. Cf. *Badger v. Rice*, 124 Vt. 82, 85, 196 A.2d 503, 505 (1963) ("Agencies charged with administering zoning laws . . . cannot overlook jurisdictional defects.").

¶ 11. Stowe Highlands argues, however, that its application did not seek to change any existing lot lines or infrastructure. But, as we said in *232511 Investments*, a Resort PUD and a PRD are "two forms of development [that] are fundamentally different, carrying with them different implications for the specific area and for the town as a whole." 2006 VT 27, ¶ 12. It is up to the DRB to impose appropriate conditions on any changes. In the absence of a sufficient showing by Stowe Highlands that it had authority to impose compliance with whatever conditions might be imposed, the DRB was entitled to refuse to entertain the application.

*Affirmed.*