**State of Vermont**
**Superior Court—Environmental Division**

==========================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
==========================================================================

**In re Saman ROW Approval**                                        **Docket No. 176-10-10 Vtec**
**(Appeal from ZBA decision)**

Title: Motion to Dismiss (Filing No. 5)

Filed: May 17, 2011

Filed By: Thomas Hayes, Attorney for Appellee/Applicant Peter Saman

Response in Opposition filed on 6/7/11 by Elizabeth McGill, Attorney for Appellant William Basa

Response in Opposition filed on 6/7/11 by Brice C. Simon, Attorney for Interested Person Brenda
    Lindemann

Reply filed on 6/20/11 by Thomas Hayes, Attorney for Appellee/Applicant Peter Saman


___ Granted                          _X_ Denied                          ___ Other

        Per Applicant Peter Saman's ("Applicant") request, we have understood his filing entitled
"Applicant Peter Saman's Response to William Basa's Statement of Questions" to be a Rule 12(b) motion
seeking dismissal of all of the Questions in Appellant William Basa's ("Appellant") revised Statement of
Questions. See V.R.C.P. 12(b); V.R.E.C.P. 5(a)(2). Because Applicant does not supply identifiable reasons
for dismissal of Questions 2 and 4, Applicant's motion to dismiss is **DENIED** as it pertains to those
Questions.[1]

        Turning to the remaining Questions—Questions 1, 3, and 5—the Court would need to reference
material outside of the pleadings in order to determine the merit of Applicant's argument that we cannot, in
this proceeding, address these Questions. On their face the Questions appear within our subject matter
jurisdiction. Consequently, we must treat Applicant's motion to dismiss as one for summary judgment on
Questions 1, 3, and 5. See V.R.C.P. 12(b) ("If, on a motion . . . to dismiss for failure to state a claim upon
which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the
motion shall be treated as one for summary judgment . . . .").

        If we were undertaking a de novo review of the decision on appeal, we would now take up the
motion as one for summary judgment and provide the parties with the opportunity to file supplemental
materials. Id. Because we are conducting an on-the-record review of the decision below, however, ruling on
Applicant's motion for summary judgment is not a proper procedural step. Instead, the next step in this on-
the-record appeal is for parties to submit legal briefs on the merits of Applicant's Questions. Our review of
the decision below, in conjunction with the briefs parties submit, will consist of considering the record made
before the municipal panel to determine whether the panel's factual findings are supported by "substantial
evidence" and reviewing the legal questions in this appeal anew, unless deference is warranted to the panel
based on its area of expertise. See In re Stowe Highlands Resort PUD and PRD Application, 2009 VT 76, ¶
7, 186 Vt. 568 (citation omitted). We will not hear new evidence or complete our own determination of the
facts.

        Because summary judgment is not proper here, we **DENY** Applicant's motion. We direct the parties
to file legal briefs on the merits of the Questions remaining in this appeal as instructed in our Scheduling
Order of May 25, 2011. That is, Applicant should file his brief no later than 20 days from today, or no later

---

[1] The Town has also filed a motion to dismiss, pertaining only to Question 2 of Appellant's revised Statement of
Questions, which is addressed in a separate Entry Order issued today. In that Entry Order we dismiss Question 2.

than **Thursday, September 22, 2011**, and the other parties should file their reply briefs no later than 15 additional days beyond that, or by **Friday, October 7, 2011**.


_____          _____September 2, 2011_____
              Thomas S. Durkin, Judge                                            Date
===========================================================================
Date copies sent to: _____                              Clerk's Initials _____
Copies sent to:
   Thomas Hayes, Attorney for Appellee/Applicant Peter Saman
   Elizabeth H. McGill, Attorney for Appellant William Basa
   Robert Halpert, Attorney for Interested Person Town of Plainfield
   Brice C. Simon, Attorney for Interested Person Brenda Lindemann