**State of Vermont**
**Superior Court—Environmental Division**

==========================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
==========================================================================

**In re Ferrera & Fenn Gravel Pit Application**                    **Docket No. 159-9-10 Vtec**
**(Appeal from Middlebury Development Review Board decision)**

Title: Motion for Summary Judgment on Questions 6, 7, and 10 (Filing No. 5)
Filed: August 18, 2011
Filed By: Mark G. Hall, Attorney for Appellants/Applicants Charles Ferrera and Ronald S. Fenn

Response in opposition filed on 9/19/11 by Attorney Putnam, for Appellee Town of Middlebury
Response in opposition filed on 9/19/11 by Interested Persons Jeff Forbes and Joan Forbes
Response in opposition filed on 9/19/11 by Interested Person Ronald Kohn
Response in opposition filed on 9/22/11 by Interested Person Barbara J. Shapiro
Response in opposition filed on 9/22/11 by Interested Person Ben Burd
Response in opposition filed on 9/26/11 by Interested Person Robert Knippler


___ Granted                    ___ Denied                    _X_ Other

        Charles Ferrera and Ronald S. Fenn ("Appellants") sought a municipal permit for gravel extraction on property located in the Town of Middlebury, Vermont ("the Town"). The Town of Middlebury Development Review Board ("the DRB") denied Appellants' permit application, finding that the project failed to comply with eight sections of the Town of Middlebury Zoning and Subdivision Regulations. Appellants appealed the DRB's denial to this Court in an on-the-record appeal pursuant to V.R.E.C.P. 5(h)(1).

        As part of their appeal, Appellants submitted a Statement of Questions that included 24 Questions. In accordance with a Scheduling Order dated February 15, 2011, Appellants submitted what is essentially a motion for summary judgment[1] on Questions 6, 7, and 10, arguing that the matter must be remanded to the DRB so that the DRB can (1) separately discuss and label its findings of fact and conclusions of law (Question 6), (2) make its findings of fact more explicit (Question 7), and (3) separately affirm or deny each of Appellants' proposed findings of fact and conclusions of law (Question 8).

---

[1] Appellants filed a document they described as an "appellate opening brief" rather than a motion for summary judgment. However, the Scheduling Order provided the parties with the opportunity to file motions for summary judgment within a specified timeframe, and the Town's response to Appellants' brief was entitled "Opposition to Appellants' Motion for Summary Judgment and Brief." Although we decline in our holding today to consider motions for summary judgment in on-the-record appeals, the distinction makes no difference here because we direct the parties to fully brief all of the issues contained in the Statement of Questions. Thus, regardless of the nomenclature, Appellants must submit a new brief because their initial filing addressed only three of the questions presented.

The procedural rules governing on-the-record appeals to the Environmental Division do not conclusively settle the issue of whether motions for summary judgment are appropriate in such appeals. See V.R.E.C.P. 5(h). We seek to clear up any confusion now by holding that an on-the-record appeal to the Environmental Division is governed by the Vermont Rules of Appellate Procedures (V.R.A.P.). As such, motions for summary judgment are inappropriate.

Accordingly, in an on-the-record appeal to this Court pursuant to V.R.E.C.P. 5(h), our review is limited to the record made before the municipal panel and the briefs submitted by the parties. See In re Saman ROW Approval, No. 176-10-10 Vtec, slip. op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.). We will affirm the municipal panel's factual findings if they are supported by substantial evidence in the record, and we will review its legal conclusions de novo where such conclusions are outside the panel's area of expertise. See In re Stowe Highlands Resort PUD and PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568.

We realize that the parties in this case filed their motions in accordance with a Scheduling Order issued by this Court. However, in light of our holding today, we conclude that requiring the parties to submit revised briefs, so that all questions presented in this on-the-record appeal may be reviewed together, will minimize delay and the costs incurred by the parties. Although a cursory review of the motions for summary judgment leads us to the conclusion that remand is unlikely, we decline to consider such motions in this on-the-record appeal. In the interest of judicial economy and in accordance with appellate procedure, we direct the parties to submit briefs addressing the Statement of Questions in its entirety. The parties may, but are not obligated to, repeat the arguments contained in their motions regarding Questions 6, 7, and 10.

The Appellants are directed to submit their appellate brief by **Monday, October 31, 2011**. All other parties to this on-the-record appeal shall have until **Monday, November 21, 2011,** to file their reply briefs.

_____          _____September 29, 2011_____
            Thomas S. Durkin, Judge                                          Date
==============================================================================
Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

   Mark G. Hall, Attorney for Appellants/Applicants Charles Ferrera and Ronald S. Fenn

   Benjamin W. Putnam, Attorney for Appellee Town of Middlebury

   Interested Person Barbara J. Shapiro

   Interested Person Ronald Kohn

   Interested Person Ben Burd

   Interested Person Robert Knippler

   Interested Person Marion D. Bauer

   Interested Person Brian J. Bauer, Sr.

   Interested Person Virginia R. Heidke

   Interested Person Jeff Forbes

   Interested Person Joan Forbes

   Interested Person Dave Warfel

   For Informational Purposes Only Carol A. Wood

   For Informational Purposes Only Ginny Welch

   For Informational Purposes Only Harold Welch