## STATE OF VERMONT
## SUPERIOR COURT - ENVIRONMENTAL DIVISION

|  | { |  |
| --- | --- | --- |
| **In re Buss Conditional Use Application** | { | **Docket No. 130-10-12 Vtec** |
| **(Application No. 366-12-CU)** | { | **(OTR appeal from Ludlow DRB)** |
|  | { |  |

### Decision in On-the-Record Appeal

In this on-the-record appeal, Todd and Jane Rebhan ("Appellants") challenge a September 5, 2012 decision by the Town of Ludlow Development Review Board ("the DRB") that granted conditional use approval, under the classification "outdoor recreational use," to Tesha Buss ("Applicant") for a horse farm on her ±107-acre property ("the Property") at 512 Rod and Gun Club Road in the Town of Ludlow ("the Town"). The proposal includes up to fifteen "tent events" per year. Appellants do not object to the proposed horse farm activities, but they contend that the tent events do not qualify as an outdoor recreational use or any other use allowed in the applicable zoning districts under the Town of Ludlow, Vermont Zoning and Flood Hazard Regulations, adopted February 7, 2005 and amended December 2, 2007 ("the Regulations"). The DRB held a hearing on Applicant's proposal on July 9, 2012, continued and completed on August 12, 2012. On September 5, 2012 the DRB approved the application in a written Decision, which included sections entitled Findings of Fact and Conclusions of Law ("the DRB Decision"). Appellants filed a timely appeal of the DRB Decision to this Court.

In reviewing the merits of this on-the-record appeal, the Court has taken into account the parties' briefs, the DRB Decision, and the record as a whole, filed with the Court by the Town on November 19, 2012.

Appellants are represented by Stephen S. Ankuda, Esq.; Applicant is represented by John J. Kennelly, Esq. and Jeffrey P. Guevin, Esq.; the Town of Ludlow is represented by J. Christopher Callahan, Esq.; and Ronald and Betty Briggs appear pro se as interested parties.

### Discussion

To determine whether the proposed tent events constitute an outdoor recreational use under the Regulations, we start with a fundamental question: what activities did the DRB find would occur at the tent events? In an on-the-record appellate review, we start by reading the DRB's decision. Next, we examine the record (including the application itself, other exhibits, and the record of the hearing) to see if the DRB's factual findings are supported by relevant

1

evidence that a "reasonable person could accept . . . as adequate" support. Devers-Scott, 2007 VT 4, ¶ 6 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)). Finally, based on the DRB's factual findings, we review its legal conclusions *de novo*. See In re Stowe Highlands Resort PUD and PRD Appl., 2009 VT 76, ¶ 7, 186 Vt. 568 (mem.).

### a. The DRB's Factual Findings

Given the nature of the on-the-record review process just described, we anticipated that the DRB Decision would include specific factual findings on the nature of the Applicant's proposal, such as what types of gatherings the tents would accommodate and what activities might occur. The application and the record of the hearing contain such information. However, the DRB never incorporated that information into its findings. From the DRB Decision, we can only glean that a mowed field will be used for up to 15 tent events per year for activities that "may" include music, with noise to end by 10 p.m. In re Appl. No. 366-12-CU, Notice of Decision (Town of Ludlow Dev. Review Bd. Sept. 5, 2012.)

Had the DRB made specific findings of fact regarding the nature of the tent events, we would next look at the record to see if, based on the application and the evidence from the hearing, the DRB had a reasonable basis to render such findings. If so, we would then consider whether there is a sufficient legal basis to define those activities as "outdoor recreation" under the Regulations. But we are unable to continue with our analysis, since the DRB factual findings are lacking. This Court may not make its own findings of facts – even seemingly obvious ones – in an on-the-record appeal. Without specific findings of fact by the DRB regarding the nature of the tent events, we cannot conduct our necessary on-the-record analysis.[1]

### b. The DRB's Legal Conclusions

We also caution that in rendering legal conclusions, an appropriate municipal panel, particularly in an on-the-record municipality,[2] does not fulfill its adjudicative responsibilities by

---

[1] Additionally, the DRB recited statements by witnesses such as the Highway Foreman and Police Chief, without rendering its own findings. See DRB Decision at 2, 3. Such statements are merely recitations of evidence received; they do not provide sufficient notice of what the DRB concluded after considering that evidence and weighing its credibility. For example, "The witness said the stoplight was red" is merely a recitation of evidence; if the decision-maker finds this evidence persuasive, the ultimate factual finding may be, "The stoplight was red." Put another way, a municipal panel in an on-the-record town may not simply refer the reader to the record. The panel must include "a clear statement to the parties . . . of what was decided and how the decision was reached." New England P'ship v. Rutland City Sch. Dist., 173 Vt. 69, 74 (2001) (citations omitted).

[2] On-the-record municipalities must satisfy the procedural requirements established in the Vermont Municipal Administrative Procedures Act (MAPA). See 24 V.S.A. 4471(b). MAPA requires that final

merely reciting the legal standards or purpose provisions contained in the applicable zoning regulations. Rather, the panel must also specifically state why the facts of the proposed project fit within those applicable legal standards.

Here, the DRB concluded that Applicant proposed an outdoor recreational use, but it did not explain how the activities within the tents constitute outdoor recreation; instead, the DRB merely recited applicable provisions from the Regulations without explaining the relationship between the provisions and the facts of Applicant's proposal. We therefore conclude that the DRB's conclusions of law are also lacking.

### Conclusion

For the reasons detailed above, we must **REMAND** the pending application to the Town of Ludlow Development Review Board for clarification of its findings of fact and conclusions of law. We recognize that municipal boards are often made up of lay people serving as volunteers, many of whom have limited training in adjudicative matters. We hope this decision will assist the DRB in understanding how to fulfill its role of ensuring that property owners and interested persons receive an adjudicative process that is fair, comprehensible, and not unnecessarily delayed. We commend the litigants for their professional, thorough, and concise briefing of this matter and trust that, upon remand to clarify the DRB's factual findings and legal conclusions, this matter may be thereafter quickly resolved.

This completes the current proceedings before this Court. A Judgment Order accompanies this Decision.

Done at Berlin, Vermont this 29th day of April, 2013.

_____

Thomas S. Durkin, Environmental Judge

---

decisions of appropriate municipal panels "separately state findings of fact and conclusions of law." 24 V.S.A. § 1209(a). Findings of fact must "explicitly and concisely restate the underlying facts that support the decision" and be "based exclusively on evidence" in the record. Id. § 1209(a), (b). Conclusions of law must be based on those findings. Id. § 1209(c). See also In re Appeal of Leikert, No. 2004-213, slip op. at 1 (Vt. Nov. 2004 term) (unpublished mem.) (discussing the important functions served by findings of fact). This Court may not "fill in the gaps" left by deficient municipal panel decisions. Id. at 2.