# STATE OF VERMONT
## SUPERIOR COURT - ENVIRONMENTAL DIVISION

| | { | |
|---|---|---|
| **In re Williams Amended CU Permit** | **{** | **Docket No. 40-4-13 Vtec** |
| **(Application No. 179-01-CU,** | **{** | **(OTR appeal from Ludlow DRB)** |
| **Amendment No. 2)** | **{** | |
| | **{** | |

## Decision in On-the-Record Appeal

In this on-the-record appeal, Andrea Lehtonen and Mary Jane O'Hara ("Appellant")[1] challenge a decision by the Town and Village of Ludlow, Vermont Development Review Board ("the DRB") granting conditional use approval to Darren and Laura Williams ("Applicants") to establish a spa and related "wellness services" at 70 Main Street in the Preservation District of the Village of Ludlow. The DRB conducted a site visit to the property and held a hearing on the application on March 11, 2013. The DRB then issued its Notice of Decision, including Findings of Fact and Conclusions of Law, on March 20, 2013. Appellants filed timely appeals with this Court. Appellants ask whether the proposed use complies with the Village of Ludlow Zoning and Flood Hazard Regulations ("the Regulations") and whether the DRB correctly approved the application granting them a conditional use permit.

Applicant initially filed a motion for summary judgment that included several requests: first, that the Court conclude that Ms. Lehtonen lacked party status and must therefore be dismissed from this appeal; and second, that the Court enter summary judgment for Applicant.

We determined that Ms. Lehtonen had not presented sufficient evidence for the Court to conclude that she had party status and therefore dismissed her from this appeal. In re Williams Amended CU Permit Appeal, No. 40-4-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 28, 2013) (Durkin, J.). The Court declined to grant summary judgment for Applicant, since the pending appeal is from an on-the-record proceeding. Id. The Court later directed that the parties' summary judgment pleadings should be converted into appellate briefs and afforded the parties an opportunity to file supplemental briefs by October 4, 2013, noting that the Court would thereafter render this Decision on the pending on-the-record appeal. In re Williams Amended CU Permit Appeal, No. 40-4-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 9, 2013) (Durkin, J.).

---

[1] Ms. O'Hara and Ms. Lehtonen each filed their own Notice of Appeal and Statement of Questions; Ms. O'Hara's appeal was filed as a cross-appeal.

1

The property at issue, formerly a residential dwelling, most recently contained a doctor's office and an office for a financial services professional approved as a conditional use. Applicants applied for an amendment to the conditional use approval for the prior doctor's office. Applicants propose a one bedroom apartment for their own occupancy on the second floor and space for various client services on the first floor. The DRB described these as including two "spa rooms," one room for an aesthetician, a staff break room, a room for a hairdresser with two chairs, a common area, and two rental offices. In re Appl. No. 179-01-CU, Amendment No. 2, Notice of Decision, at 6 (Town of Ludlow Dev. Review Bd. Mar. 20, 2013). Some of these spaces will be operated by Applicants and their employees and others will be leased out to others. The operation would be open by appointment with hours of operation from 7:00 a.m. – 9:00 p.m. seven days a week. The record also indicates that Applicants propose to have a reception and retail area room on the first floor and to use the basement for "personal training," but these facts are not reflected in the DRB decision.

Applicants are represented in this appeal by John J. Kennelly, Esq. and Jeffrey P. Guevin, Esq. Appellant Mary Jane O'Hara is represented by Martin Nitka, Esq.

## Discussion

### I.     Standard of review.

When considering an on-the-record appeal, this Court's review is limited to a review of the municipal panel's decision, the record made before the municipal panel, and the briefs submitted by the parties. In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.). We therefore first consider the municipal panel's decision below. We then read the panel's findings of fact and examine the record to determine whether it contains evidence that a "reasonable person could accept . . . as adequate" support for those factual findings. Devers-Scott v. Office of Prof'l Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)). If so, we review the DRB's legal conclusions de novo. In re Stowe Highlands Resort PUD to PRD Appl., 2009 VT 76, ¶ 7, 186 Vt. 568 (mem.). As this Court has recognized, "[w]hen a municipality elects to make its land use determinations subject to on-the-record review, it is committing to meeting the procedural requirements in [the Municipal Administrative Procedure Act] or risking the remand of its determinations and, consequently, the loss of some of its earlier efforts." In re Brandon Plaza

2

Conditional Use Permit, No. 128-8-10 Vtec, slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. Mar. 26, 2012) (Walsh, J.) (footnote omitted).

## II.     The DRB's Findings of Fact.

Municipalities that elect to conduct on-the-record review must satisfy the procedural requirements of the Vermont Municipal Administrative Procedure Act (MAPA).  See 24 V.S.A. 4471(b).  MAPA requires municipal panels' final decisions to "separately state findings of fact and conclusions of law."  24 V.S.A. § 1209(a).  Findings of fact must "explicitly and concisely restate the underlying facts that support the decision" and be "based exclusively on evidence" in the record.  Id. § 1209(a), (b).  Conclusions of law must be based on those findings.  Id. § 1209(c).  As recognized in a recent on-the-record appeal, also from the Ludlow DRB, "[g]iven the nature of the on-the-record review process . . . we anticipate[] that the DRB Decision [will] include specific factual findings on the nature of the Applicant's proposal . . . ."  In re Buss Conditional Use Application, No. 130-10-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 29, 2013) (Durkin, J.).  Here, as in Buss, the DRB failed to include sufficient findings of fact describing the proposed project for us to conduct the appropriate appellate review.

The only description of the project in the DRB's Notice of Decision is in the Conclusions of Law section and not in the Findings of Fact.  In re Appl. No. 179-01-CU, Amendment No. 2, Notice of Decision, at 6 (Town of Ludlow Dev. Review Bd. Mar. 20, 2013).  This description is: "The building will consist of two spa rooms, an aesthetics room, a staff break room, a room for a hairdresser with two chairs, pedicures and manicures, a common area for relaxation, two rental offices and a one bedroom owners [sic] apartment."  Id.  This general description of the different rooms proposed fails to provide the Court with enough information to consider whether the application complies with the Regulations.  It does not sufficiently describe the nature of the services provided or who will provide them.  It fails to indicate the number of persons who will work in the building or how those persons will be employed.  It does not provide how the two rental offices will be used beyond stating that "[t]he rental offices can not be rented except to those who fall into the category of wellness or in the allowed conditional uses for the District" as determined by the Zoning Administrator.  Id.  Without a more detailed description of the proposed use we cannot conduct the necessary appellate review of whether the project complies with the Regulations.

3

Part of the conditional use analysis under the Regulations requires consideration of the project's traffic impacts. Apart from stating the speed limit on Main Street, where the project entrances are located, providing a general description of the driveway, and recognizing the applicant's parking plan, the Findings of Fact are insufficient to determine what impacts, if any, the project may cause. The DRB noted that it would consider "visibility at intersections, traffic flow, and control, pedestrian safety and convenience and access in case of emergency" as part of site plan review, but it made no findings regarding these issues and the record contains no site plan approval. Id. at 3. This portion of the DRB decision merely recites the legal standards established by the Regulations, but does not contain any specific factual description of the proposed project or an estimate of the project's impacts.

Had the DRB included Findings of Fact that adequately described the project, we would then look at the record to determine whether it contains substantial evidence to support those DRB findings. Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1. But the DRB decision contains no such project description. The record presented includes a summary project description, but it would be error for this Court to establish its own factual findings, in light of the DRB omissions. We cannot usurp the responsibilities of a municipal panel when that municipality has chosen to conduct its land use review on-the-record. In re Zaremba Group Dollar General, No. 66-5-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. June 12, 2013) (Walsh, J.) (citing In re Appeal of Leikert, No. 2004-213, slip op. at 1 (Vt. Nov. 10, 2004) (unpublished mem.), available at https://www.vermontjudiciary.org/UPEO2001-2005/eo04-213.pdf)).

## III.     The DRB's Conclusions of Law.

We also note that the DRB's Conclusions of Law are far from clear. The parties all agree that the property at issue in this appeal is located in the Preservation Zoning District ("Preservation District"). Permitted Uses in the Preservation District are: "(1) One Family Dwelling, (2) Accessory Uses and Upgrading, (3) Agricultural and Forestry, [and] (4) Home Occupation." Regulations § 410. Conditional Uses are: "(1) Two Family Dwelling, (2) Professional Service: Doctor, Lawyer, Architect, Accountant, Dentist, Land Surveyor, Insurance Agency, Photography Studio, or Real Estate Office, or similar uses, (3) Day Care Center, Child or Adult, (4) Multiple Family Dwelling, (5) Inns, (6) Bed and Breakfast, [and] (7) Tourist Home." Id. While the DRB decision recites these permitted uses in the Findings of Fact section, the Conclusions of Law section fails to state within which of these uses, if any, the project fits. The

4

Decision simply states that "[t]he Board has concluded that the project does fit into the categories that are present in the Zoning Regulations." In re Appl. No. 179-01-CU, Amendment No. 2, Notice of Decision, at 6 (Town of Ludlow Dev. Review Bd. Mar. 20, 2013). This assertion falls far short of a legal conclusion, specific to this project, that provides any notice of how the DRB reached its conclusion. The DRB's Conclusions of Law should incorporate the relevant factual findings and apply them to the specific legal standards in the Regulations, including the allowed and permitted uses for the relevant zoning district. The DRB Conclusions section does not contain a minimally necessary explanation. We must therefore conclude that it also is deficient and remand the pending matter so that the DRB may add some explanation for its legal conclusions, including a reference to specific factual findings about the project that have some relation to the legal standards established in the Regulations.

The DRB mentioned throughout its decision that home based occupations are permitted in the Preservation District, but it never defined "home occupation" or explained how the proposed project fits within that term. The Regulations require that a home occupation be conducted "wholly by members of the family living on the premises, with the exception of one part-time non-family member employee." Regulations Art. 7 [Definitions] at 49–50. The Regulations further limit home occupations to "up to 25% of the dwelling and/or attached accessory structure." Id. at § 510.1. If the DRB considers this project to be a home occupation use, it must state how the project as proposed fits within these requirements. Similarly, if the DRB considers the project as proposed to be one of the conditional uses in the Preservation District, it must specifically state what conditional use category the project fits within and the underlying facts that support the DRB's legal conclusion.

We recognize that the DRB organized its Findings of Fact and Conclusions of Law around the five specific criteria that must be considered in conditional use review under the Regulations. However, because both the Findings of Fact and Conclusions of Law lack any specificity or explanation of the DRB's reasoning, we are unable to review the application before us in this on-the-record appeal. We therefore conclude that we must direct that these proceedings be remanded to the DRB, so that it may amend its decision to incorporate more specific and sufficient Findings of Fact and Conclusions of Law.

## Conclusion

For the reasons detailed above, we must **REMAND** the pending application to the Town of Ludlow Development Review Board for clarification of its Findings of Fact and Conclusions of Law. We recognize that our decision in Buss predates this DRB decision by over one month and that the DRB was therefore unable to incorporate our suggestions in that prior opinion into their decision making process when considering this application. We hope that Buss and this decision assist the DRB in complying with the requirements of MAPA.[2] We trust that, upon remand to clarify the DRB's factual findings and legal conclusions, this matter may thereafter be quickly resolved.

This completes the current proceedings before this Court. A Judgment Order accompanies this Decision.

Done at Newfane, Vermont this 10th day of January, 2014.

_____

Thomas S. Durkin, Environmental Judge

---

[2] We also note for the DRB's benefit that the Vermont League of Cities and Towns has made available several documents meant to assist municipalities in undertaking on-the-record review and issuing decisions. See Vermont League of Cities & Towns, Municipal Assistance Technical Paper #1, Making it Stick: The Art of Writing Effective Zoning Decisions (2007), *available at* http://www.vlct.org/assets/Resource/Tech_Reports_Papers/TP_01_zoning_decision_03-07.pdf; Vermont League of Cities & Towns, Municipal Assistance Technical Paper #4, On the Record Review (2008), *available at* http://www.vlct.org/assets/Resource/Tech_Reports_Papers/TP_04_on_the_record_03-08.pdf.