VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      22-AP-028

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM,   2022

| | |
|---|---|
| In re Castine Mountain Road LLC CU | }   APPEALED FROM: |
| (Michael Seaberg\*) | } |
| | }   Superior Court, Environmental Division |
| | }   CASE NO. 21-ENV-00013 |
| | Trial Judge: Thomas S. Durkin |

In the above-entitled cause, the Clerk will enter:

Neighbor Michael Seaberg appeals pro se from a decision affirming the Town of Stowe's approval of a conditional use application filed by applicant Castine Mountain Road LLC. We affirm in part and reverse and remand in part.

Applicant sought approval from the Town of Stowe Development Review Board (DRB) to construct a single dwelling unit, garage, and associated paved turnaround area. It proposed to attach the dwelling unit to the front end of an existing six-unit dwelling on the property, which required conditional use approval. Neighbor occupies the abutting property. Neighbor successfully appealed the DRB's first approval of the conditional-use application in 2019, resulting in a remand to the DRB to make necessary findings and legal conclusions. The DRB issued a new order in February 2021, which is the subject of this appeal.

The Environmental Division conducted an on-the-record review of the 2021 DRB decision. It determined that the DRB's findings were supported by substantial evidence in the record below and that, with one exception, the DRB made the necessary legal conclusions as to the issues neighbor raised on appeal. The court found the DRB's conclusions supported by its findings and, as to the missing legal conclusion, it determined that the facts supported only one result. We discuss the court's decision in additional detail below. This appeal followed.

Neighbor argues that the court erred in affirming the DRB's decision with respect to landscaping and stormwater drainage requirements as well as the submission of a written time-schedule for construction of the project. We address these arguments in turn.

"Our standard of review on appeal is the same as the Environmental [Division's]."  In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568.  "We will affirm the findings of the DRB where such findings are supported by substantial evidence," and we review its legal conclusions without deference "where such conclusions are outside the DRB's area of expertise."  Id.

The Municipal Administrative Procedure Act applies in this case as the DRB decision is "subject to review on the record" by the Environmental Division.  24 V.S.A. §§ 1201(1)(B), 1209(a).  MAPA provides that final decisions in such cases "shall be in writing and shall separately state findings of fact and conclusions of law"; findings must "explicitly and concisely restate the underlying facts that support the decision" and "be based exclusively on evidence of the record in the contested hearing"; and "[c]onclusions of law shall be based on the findings of fact."  24 V.S.A. § 1209(a)-(c).  We have recognized that, as with other entities acting in a quasi-judicial capacity, findings will be considered sufficient "if they dispose of the issues presented and make a clear statement of the trier's decision and the basis upon which that decision was made."  Turnley v. Town of Vernon, 2013 VT 42, ¶ 13, 194 Vt. 42 (quoting Harrington v. Dep't of Emp. Sec., 142 Vt. 340, 344 (1982) (quotation omitted)).  The factfinder "has a fundamental duty to make all findings necessary to support its conclusions, resolve the issues before it, and provide an adequate basis for appellate review."  Id. (quoting Sec'y, Vt. Agency of Nat. Res. v. Irish, 169 Vt. 407, 419 (1999)).  Thus, we have held that when reviewing a decision subject to the MAPA, "we must determine whether the evidence 'reasonably tends to support the findings and whether the findings in turn support the body's conclusions and decisions.' "  Id. (emphasis and brackets omitted) (quoting Harrington, 142 Vt. at 344).

With these standards in mind, we turn to the conditional use standards at issue here.  With respect to landscaping, the relevant conditional use standards on front yards require that "[a] continuous strip not less than twenty (20') feet deep, measured from the edge of the highway right-of-way, shall be maintained between the street line and the balance of the lot, which strip shall be suitably landscaped," and that the front yard not be used for outdoor storage or parking.  The DRB has discretion to waive this requirement "when mitigation [through] design, screening or other mitigation will accomplish the objectives outlined for the designated districts."  The regulations further direct that "[i]n instances where a planting strip is required along road frontage, at least one street tree shall be planted for each thirty linear feet of landscaping strip."

In its 2019 decision, the DRB did not adequately address whether the twenty-foot-deep strip was present and appropriately planted and, if not, whether it waived the requirement.  Neighbor argued that the DRB's 2021 decision suffered from the same infirmities.

The Environmental Division found the DRB's decision sufficiently supported, although not a model of clarity.  Looking at the decision in its entirety, the court found that the DRB determined that the front yard landscaping requirements were satisfied with the possible exception of the requirement that one tree be planted every thirty feet.  The DRB found that there was a strip of more than twenty feet in depth between the building and the road in which no storage or parking was located.  It deemed that landscaping "sufficient" and in a separate section concluded that a four-foot landscaping mound with evergreen trees provided suitable landscaping.  The court reasoned that, together, this suggested a suitably landscaped strip, as

2

required by the zoning regulations, where suitability was determined in part by the soil conditions and drainage and their ability to support vegetation. If the DRB had waived the "one tree per thirty feet" requirement, the court reasoned that it did so because of evidence it deemed credible that the rest of the front yard area would not sustain tree plantings given the extensive stormwater infiltration from the nearby road. The court thus affirmed these legal conclusions and determined that the factual findings underlying them were based on evidence that a reasonable person would deem sufficient.

Neighbor argues on appeal that the DRB did not reach a conclusion as to the trees and that it was improper for the Environmental Division to do so in this on-the-record appeal. We agree. The DRB's conclusion as to the tree requirement is not sufficiently clear to enable review on appeal. We cannot determine from the DRB's findings if it in fact waived the one-tree-per-thirty-feet requirement and if, so, how it justified its decision to do so. The DRB must make additional findings and conclusions on remand to enable a determination of what was decided and why. See Harrington, 142 Vt. at 344.

Neighbor raises a similar argument with respect to whether the project included an adequate stormwater drainage system. He notes that the DRB failed to separate its findings and conclusions and it failed to make the necessary conclusion of law as to whether the zoning regulations required an erosion and sediment control plan for this project. Neighbor contends that it was not appropriate for the Environmental Division to do this work for the DRB on appeal.

It is true, as neighbor asserts, that the Environmental Division recognized the DRB's failure, despite its instructions, to separate its findings from its conclusions. The Environmental Division nonetheless endeavored to do its best to determine if the DRB made the necessary factual findings to support each of its necessary legal conclusions regarding the conditions under appeal. There was nothing inherently wrong with that approach.

The zoning regulations provide that "[c]onstruction-related activities associated with any new construction" must adhere to a set of stormwater management standards, including that development "involving the disturbance of more than one-half acre shall submit an erosion and sediment control plan . . . before a zoning permit is issued." Town of Stowe Zoning Regulations §§ 3.12.2, 3.12.2(C) (2017), https://www.townofstowevt.org/vertical/Sites/%7B97FA91EA-60A3-4AC6-8466-F386C5AE9012%7D/uploads/stowe_zoning_2017_final.pdf [https://perma.cc/L2F6-2UZD]. The DRB did not make a legal conclusion as to the need for an erosion and sediment control plan for the project. The DRB did find, however, that the construction associated with the project would not disturb half an acre or more of soil. In support of this finding, the DRB cited to the conditional-use application where applicant had checked "no" next to this question and it also cited applicant's testimony. The Environmental Division found this evidence sufficient to support the DRB's finding of fact and it relied on that finding to make the necessary conclusion that no erosion or sediment control plan was required for the project.

This appears to be the only aspect of the stormwater-related decision directly challenged by neighbor, i.e., the DRB's failure to make an express legal conclusion that no erosion or sediment control plan was required for the project. We reject this challenge because the DRB

made the key finding—that the construction associated with the project would not disturb half an acre or more of soil—which supports only one legal conclusion: that no erosion or sediment control plan was required under § 3.12.2. With respect to the remaining portion of the DRB's decision, the Environmental Division was able to separate the findings from the conclusions and it determined that they were sufficiently supported by the record. Even if the DRB did not list its findings separately from its conclusions, its decision was sufficient to allow both the Environmental Division and this Court to determine what was decided and why. See Harrington, 142 Vt. at 344.

Finally, neighbor complains about the written time schedule for construction. He argued below that the DRB erred in determining that a time schedule for completion of buildings, parking spaces and landscaping did not need to be submitted prior to approval of the application. The zoning regulations require all conditional use applications to include materials stating the time schedule for completion of buildings, parking spaces and landscaping, unless waived by the DRB. In its earlier remand order, the Environmental Division had asked the DRB to provide a clearer statement of whether applicant had met this requirement or whether the DRB had waived it.

In its remand decision, the DRB added a new section on the required components of the conditional use application. It stated that no written statement of the time schedule had been provided. It also noted, however, that there was testimony from applicant as to the sequencing in which applicant expected to complete the project and the other developments on the property for which it had obtained or sought permits. The DRB chose to retain a condition that it originally imposed in its 2019 decision, namely, that applicant provide a written statement matching his testimony before he would be issued a permit. The Environmental Division concluded from this information that the DRB had waived the requirement for the statement of a time schedule, instead electing to rely on a memorialization of the more flexible sequencing plan to which applicant testified. Given the significant uncertainty that the appeals concerning each project on the property had added to any estimates that would appear in a time schedule and the relatively small nature of this project, the Environmental Division could not conclude that the DRB erred in waiving this requirement. It thus affirmed the remand decision on this issue.

On appeal, neighbor appears to challenge the substance of what applicant is required to provide to the DRB. He argues that "[a]n order of completion is not a time-schedule for completion." He complains that the DRB failed to issue separate findings or conclusions indicating that it was waiving the requirement of a time schedule and it did not explicitly restate the underlying facts that supported a decision to waive this requirement. He further argues that allowing applicant to submit a schedule to the zoning administrator after the application has already been approved will deprive the public of any opportunity to provide comments on this schedule.

We agree with neighbor that the DRB failed to make the necessary legal conclusion here and it is not apparent from its decision that it waived this requirement and provided grounds for doing so. The DRB must make the necessary legal conclusion and identify the facts to support its decision on remand. See Irish, 169 Vt. at 419 (explaining that decisionmaker "has a fundamental duty to make all findings necessary to support its conclusions, resolve the issues

4

before it, and provide an adequate basis for appellate review"). Given our decision, we find it unnecessary to reach any of neighbor's related arguments on this point.

Affirmed in part, and reversed and remanded in part.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice