# STATE OF VERMONT

SUPERIOR COURT                                  ENVIRONMENTAL DIVISION
                                                Docket No. 106-9-16 Vtec

| Groundworks Collaborative for Peter Putnam |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Multiple Types OTR (106-9-16 Vtec)

Title:        Motion to Deny Appeal (Motion 1)
Filer:        Peter Putnam
Attorney:     Pro Se
Filed Date:   December 20, 2016

Response filed on 01/23/2017 by Iishana Artra, Appellant
        Opposition

**The motion is DENIED.**

In this on-the-record appeal, Iishana Artra (Ms. Artra or Appellant), a self-represented appellant, challenges the permit issued by the Town of Brattleboro Development Review Board (DRB) on August 10, 2016 to Groundworks Collaborative for Peter Putnam (Mr. Putnam or Applicant).  The permit, Application No. 2016-56, would allow the partial demolition and renovation of existing buildings, construction of a new building elevated on fill, rebuilding a retaining wall, and other associated site work at 39 and 45 Frost Street in Brattleboro, Vermont (the Project).

Attorney Robert M. Fisher, Esq., represents the Town of Brattleboro.  Mr. Putnam is self-represented.  Additional self-represented parties include Ananda Forest, Jia Guang Wang, and Roberta Flatley.

Currently pending before this Court is Mr. Putnam's motion to dismiss the appeal, filed on December 20, 2016.  Mr. Putnam challenges the Appellant's status as an interested person and Appellant's claim in its entirety, as one for which relief cannot be granted.  Before discussing Mr. Putnam's arguments for dismissal, we must clarify the scope of the appeal before us.

As the Court indicated in the November 21, 2016 Status Conference and November 28, 2016 Scheduling Order, this is an on-the-record appeal.  That means the Court will review the record to determine what evidence the municipal panel had available when it made its decision, and will uphold the panel's factual findings if there is substantial evidence supporting them.  See In re Stowe Highlands Resort PUD and PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568 (mem.).  In examining whether there is substantial evidence in the record, the Court is not permitted to make its own assessment of the credibility of witness testimony or reweigh conflicting evidence in the record.  See Devers-Scott v. Office of Prof'l Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248; In re Appeal of Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004) (unpublished mem.).  The Court must simply

inquire whether the record includes relevant evidence that a "reasonable person could accept . . . as adequate" support. Devers-Scott, 2007 VT at ¶ 6 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)). As for legal conclusions based on those factual findings, we conduct a *de novo* review, meaning that we consider whether the panel's decision reached a correct legal conclusion. See Stowe Highlands Resort PUD and PRD Application, 2009 VT 76, ¶ 7. These standards of review mean that in an on-the-record appeal we cannot review legal questions that the municipal panel did not address below.

We now turn to Mr. Putnam's arguments for dismissing this appeal. In his motion to dismiss, Mr. Putnam asserts two main arguments: (1) the Environmental Division lacks subject matter jurisdiction to hear Appellant's appeal because Appellant does not meet the statutory requirements for interested person status to have standing to bring an appeal; and (2) Appellant has failed to state a claim upon which the Court can grant relief.

## I.      Whether Appellant has Standing to Bring this Appeal

Mr. Putnam's first argument contests the Appellant's standing to appeal the DRB's decision to this Court. Whether a party has standing affects whether we have subject-matter jurisdiction. Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235. Thus, we review this portion of Mr. Putnam's motion under the standard of review afforded by Rule 12(b)(1) of the Vermont Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction. We accept as true all uncontroverted factual allegations and construe them in a light most favorable to the nonmoving party (here, Appellants). Rheaume v. Pallito, 2011 VT 72, ¶ 2 (mem.).

Mr. Putnam argues that Appellant has not demonstrated that she falls within the definition of an "interested person" as defined in 24 V.S.A. § 4465(b). An interested person is one who owns or occupies property in the immediate neighborhood of a property that is subject to a DRB decision; who can demonstrate a physical or environmental impact on her interest under the criteria reviewed; and who alleges that the decision, if confirmed, will not be in accord with the policies, purposes, or terms of the municipality's plan or bylaw. 24. V.S.A. § 4465(b)(3). Such interested persons will be granted the right to appeal decisions of municipal panels, provided they participated in the proceeding below. See 10 V.S.A. § 8504(b); 24 V.S.A. § 4471(a).

Based on the evidence submitted to the Court, we conclude that Ms. Artra is an interested person because she is a property owner and resident of 67 Frost Street, which is located three houses from the Project and is therefore in the immediate neighborhood. Further, in her Statement of Questions, Ms. Artra has detailed the physical and environmental impacts the Project will have on her interests under the criteria for which it was reviewed, and has alleged the Project's nonconformance with various policies, purposes and terms of the Town of Brattleboro's zoning regulations. As an interested person, Ms. Artra also participated in the proceeding below, and therefore has the standing to appeal the DRB's decision in this case.

## II.      Whether Appellant has Raised Cognizable Issues

Mr. Putnam's remaining argument falls within Rule 12(b)(6) of the Vermont Rules of Civil Procedure, which provides for dismissal of a matter for "failure of the pleading to state a claim upon which relief can be granted" by the Court. In ruling on a Rule 12(b)(6) motion, a court must assume the factual allegations in the plaintiff's pleading are true and can only grant dismissal if "it appears beyond doubt that there exist no facts or circumstances that would entitle the

plaintiff to relief." <u>Colby v. Umbrella, Inc.</u>, 2008 VT 20, ¶ 5, 184 Vt. 1 (citing <u>Alger v. Dep't of Labor & Indus.</u>, 2006 VT 115, ¶ 12, 181 Vt. 309).

Within the context of this appeal from the DRB's decision, we view Appellant's notice of appeal and Statement of Questions as the "pleadings" and Appellant as the "plaintiff." <u>In re Conlon CU Permit</u>, No. 2-1-12 Vtec., slip op. at 1, (Vt. Envtl. Ct. Aug. 30, 2012) (Durkin, J.). Dismissal is not appropriate if the argument for dismissal relies on information outside the text of the pleadings. See V.R.C.P. 12(b) (stating that motions to dismiss that require the court to consider matters outside the pleadings must be converted to motions for summary judgment, not dismissed under Rule 12(b)(6)).

Mr. Putnam's remaining argument asserts that Appellant states no basis upon which relief can be granted. The only support he provides for this assertion is that the Project is adjacent to a commercial property and an active, 10-acre lumber yard is located across the street. Mr. Putnam fails to address the many allegations raised in the Appellant's Statement of Questions. Those allegations include claims that the Project does not comply with the purpose or standards of the Town's flood hazard overlay district and that the Project is incompatible with the area. Because the Court must assume the Ms. Artra's allegations are true, we conclude that she may be entitled to relief by this Court. Mr. Putnam has failed to satisfy the requirements needed for the Court to grant a Rule 12(b)(6) motion.

### III. Conclusion

For the reasons stated above, we conclude that Mr. Putnam has not demonstrated that Appellant's appeal should be dismissed and accordingly **DENY** his motion to dismiss.

The Court further **ORDERS** the following:

1. On or before May 19, 2017, Ms. Artra shall file an amended Statement of Questions. Pursuant to the Vermont Rules for Environmental Court Proceedings Rules 2(d)(2) and 5(f), the Court directs Ms. Artra to amend her Statement of Questions. As described above, this is an on-the-record appeal. Each question should reflect this type of review. Additionally, Ms. Artra should avoid offering evidence or argument within the Statement of Questions, and provide only a "statement of the questions that [she] desires to have determined." V.R.E.C.P. Rules 5(f) and (h)(1).

2. On or before June 2, 2017, Ms. Artra, shall comply with V.R.E.C.P. Rule 5(h)(1)(B) by providing a transcript of all the DRB's proceedings related to this case, Application 2016-56.

So ordered.

**Electronically signed on April 28, 2017 at 02:00 PM pursuant to V.R.E.F. 7(d).**

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:

Appellant Iishana Artra

Interested Person Ananda Forest

Interested Person Donald P. Brown

Interested Person Roberta Flatley

Interested Person Jia Guang Wang

Robert M. Fisher (ERN 4228), Attorney for Interested Person Town of Brattleboro

Interested Person Peter Putnam