VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00038



| Khan Subdivision Application |
|---|

Motion:         Motion for De Novo Review (Motion: 4)

Filer:          Edward Deptula, Appellant

Filed Date:     July 25, 2025

Town of Montgomery's Opposition to Appellant's Motion for De Novo Review, filed August 25, 2025, by Michael J. Tarrant II, Esq.

Appellant's Reply to Town Opposing De-Novo Review, filed September 22, 2025, by Edward Deptula

**The motion is DENIED**.

This is an on-the-record appeal from a decision of the Town of Montgomery Development Review Board (DRB), dated May 5, 2025, related to an application for subdivision submitted by Nafis and Sarita Khan (Applicants).  Appellant has asked this Court, for a variety of reasons, to "treat this appeal as a de novo review and to accept new evidence."  We decline to do so.

As set forth in the Montgomery Zoning Regulations (2018) (Regulations), a copy of which has been filed with the Court, the Town has taken steps to adopt on-the-record review for zoning appeals. See Regulations § 2.4(D)(1).  The three statutory prerequisites for adopting on-the-record review are set forth in 24 V.S.A. § 4471, which provides:

> (b) Appeal on the record. If [1] the municipal legislative body has determined (or been instructed by the voters) to provide that appeals of certain appropriate municipal panel determinations shall be on the record, [2] has defined what magnitude or nature of development proposal shall be subject to the production of an adequate record by the panel, and [3] has provided that the Municipal Administrative Procedure Act shall apply in these instances, then an appeal from such a decision of an appropriate municipal panel shall be taken on the record in accordance with the Vermont Rules of Civil Procedure.

24 V.S.A. § 4471(b).

Once a municipality has properly adopted on-the-record review by complying with § 4471(b), a development review board's failure to follow one of the procedural requirements to which it is subject may require this Court to remand a matter or may result in a decision by this Court invalidating the development review board's decision, but it will <u>not</u> result in conversion of an on-the-record appeal to a de novo appeal before this Court. <u>In re Sprague Farms, LLC</u>, No. 107-6-08 Vtec, slip op. at 4 (Vt. Envtl. Ct. Nov. 4, 2008) (Wright, J.). By contrast, where a municipality fails to properly satisfy the three requirements of Section 4471(b) to adopt on-the-record review, this Court may consider an appeal de novo. See <u>In re Dunnett</u>, 172 Vt. 196, 198-99 (2001) (holding that this Court properly conducted a de novo review of a development review board's decision when the Town of Ludlow did not satisfy the third requirement of § 4471(b)); see also 24 V.S.A. § 4472(a) (providing that appeals to this Court, if not on the record under § 4471(b), shall be de novo).

Further, in an on-the-record appeal made pursuant to V.R.E.C.P. 5(h), the Court considers only the decision below, the record made before the municipal panel, and the briefs submitted by the parties. <u>In re Saman ROW Approval</u>, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.). The Court has no authority to consider new evidence. See <u>In re Lawrence Site Plan Approval</u>, No. 166-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 9, 2011) (Durkin, J.); <u>In re Marble Dealership Realty LLC Site Plan Approval</u>, No. 169-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 13, 2014) (Walsh, J.). Further, this Court has no authority to make its own factual determinations and instead reviews the municipal panel's factual findings to determine whether the decision below "explicitly and concisely restate[s] the underlying facts that support the decision." See 24 V.S.A. § 1209(a)–(b). The Court will affirm factual findings only if they are supported by substantial evidence in the record below. See <u>In re Stowe Highlands Resort PUD to PRD Application</u>, 2009 VT 76, ¶ 76, 186 Vt. 568. When reviewing the underlying legal conclusions, the Court does so without deference, unless such conclusions are within the DRB's area of expertise. <u>Stowe Highlands</u>, 2009 VT 76, ¶ 7.

In this case, Appellant argues that the Court should hold a trial de novo, and accept and weigh new evidence, for six separately stated reasons.[1] Except as discussed below, Appellant's arguments for de novo review largely address the merits of his claims in this case. Without addressing the merits

---

[1] These are: "(i) the ZA never acted upon the Applicants [sic] 12/15/2024 Zoning Permit; (ii) the MDRB never had subject matter jurisdiction; (iii) the Town failed to preserve or timely submit most of the document-record to this Court; (iv) the MDRB failed to provide reasonings for its' [sic] 5/5/2025 subdivision decision; (v) MAPA was not largely followed; (iv) the MDRB willfully made the hearing unfair for [Appellant]." Motion for De Novo Review at 1 (filed July 7, 2025).

of any of these arguments, they do not justify rejecting the Town's duly adopted on-the-record review standard.

The Town properly adopted on-the-record review by complying with § 4471(b). On their face, the Regulations state that the Town has adopted the Municipal Administrative Procedure Act (MAPA) and that "all applications and appeals heard by the DRB shall be on the record." Regulations § 2.4(D)(1). Pursuant to 24 V.S.A. § 4442, zoning bylaws must be "adopted by a majority of the members of the [municipal] legislative body at a meeting that is held after the final public hearing," unless the legislative body warns the bylaw for adoption by the voters, via Australian ballot, at a special or regular meeting of the municipality.[2] 24 V.S.A. § 4442(c). The Regulations further state on their cover page that they were last amended and updated by the Town voters in November 2018. Taken together, this is sufficient to meet the requirements of § 4471(b).

Appellant argues that the Regulation's language stating that "all applications and appeals heard by the DRB shall be on the record" is insufficient to meet § 4471's requirement that the legislative body (or voters) define "what magnitude or nature of development proposal shall be subject to the production of an adequate record by" the DRB. The Court disagrees. "All" very clearly means that applications for projects of every size, scale, character or intensity, and every appeal within the jurisdiction of the DRB — whether assigned statutorily or pursuant to the Regulations' provisions themselves — shall be reviewed on-the-record. Thus, there is no basis to conclude that the Town improperly adopted review on-the-record, thereby necessitating de novo review in this appeal.

Appellant observes that the record on appeal in this case, initially consisting of 22 pages filed with the Court by the Town, was incomplete and failed to include certain documents submitted by Appellant during the DRB hearing. Following the initial status conference in this case, the Court directed the parties to consult regarding the completeness and adequacy of the record. While the parties were not able to reach complete agreement on the record as finally compiled, Appellant concedes that the Town did consult with him and amend the hearing record to include an additional 62 pages. The amended record now includes all of the materials that Appellant submitted to the DRB, including an unredacted copy of his March 13, 2025 email to the ZA. Appellant, while complaining about various ancillary issues related to the record, does not contend that the amended record is incomplete. Based on its review of the amended record and the reasonable opportunities provided to

---

[2] The voters can also petition to vote on the zoning bylaw by Australian ballot, notwithstanding any vote taken by the legislative body on the bylaw. 24 V.S.A. § 4442(d).

the parties to discuss and supplement the record, the Court concludes that the amended record is now complete and adequate for the purposes of this appeal.

Finally, Appellant argues that certain "site-plan surveys" included in the record at Amended Record 004, 009, and 047 are not sufficiently legible. The Court agrees. It is unclear what has caused the legibility problem. If any party has a legible copy of the subdivision plan, and wishes to include it in the record, the Court will entertain a further motion to amend (including a stipulated motion). However, it appears to the Court that the somewhat illegible copies of these plans are of a similar quality to those that were considered by the DRB. Accordingly, they are properly part of the amended record, for better or worse, and will be considered by the Court in this on-the-record appeal.

For these reasons, Appellant's motion for de novo review is **DENIED**. The Court will take up and consider Appellant's arguments on the merits of his appeal when briefing is complete. Appellant's brief shall be submitted within 30 from the date of this decision. The briefs of all other parties shall thereafter be submitted in accordance with this Court's rules and the Vermont Rules of Appellate procedure.

Electronically signed on September 24, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division